**Harvey F. EUGE, Plaintiff-Appellant,**

v.

**James F. GOLDEN et al., Defendants-Respondents.**

**No. 37480.**

Missouri Court of Appeals, St. Louis District, Division One.

May 3, 1977.

Motion for Rehearing or Transfer Denied June 9, 1977.

Application to Transfer Denied July 11, 1977.

Harvey F. Euge, pro se.

Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, P. C., Dennis H. Tesreau, John A. Schneider, Hillsboro, for defendants respondents.

DOWD, Judge.

This is an appeal from an order of the Circuit Court of St. Louis County entered on June 13, 1975, sustaining the defendants-respondents' motion to dismiss the first amended petition of the plaintiff-appellant, Harvey Euge, which sought to set aside a trustee's foreclosure sale for fraud and misrepresentation and damages for slander of title. For reasons herein stated, we reverse the order sustaining the motion to dismiss and remand the cause for further proceedings.

After oral argument, defendants-respondents filed a motion to dismiss the appeal, contending that plaintiff-appellant failed to comply with Rule 81.04. Defendants argue that appellate jurisdiction has not been properly invoked because plaintiff's notice of appeal was not filed within 10 days after the trial court's order became final as required by Rule 81.04. Defendants' contention is without merit.

Rule 73.01(1)(c) provides that, in a court-tried action, a party "may, but need not" file a motion for new trial in order to preserve error. If the party does file a

motion for new trial, the judgment does not become final for 90 days or until the trial court rules on the motion. Rule 81.05; *508 Chestnut, Inc. v. City of St. Louis*, 389 S.W.2d 823, 827[1] (Mo.1965). In the case at bar, plaintiff filed his motion for rehearing or, in the alternative, motion for new trial on June 28, 1975, within the 15 day time limit for such motion. Rule 73.01. The record does not contain any ruling by the trial court on this motion. Thus, the order dismissing plaintiff's action on June 13, 1975 did not become final until September 26, 1975, 90 days after plaintiff's motion for new trial was filed. Rule 81.05. Plaintiff's notice of appeal on October 6, 1975 was within 10 days after the judgment or order became final and was timely. Rule 81.04.

Plaintiff is not an attorney but represented himself in the proceedings below and filed a pro-se brief here.

Plaintiff filed a "Petition to Set Aside a Trustee's Foreclosure Sale for Fraud, Deceit, and Misrepresentation To Set Aside a Trustee Deed Issued Therein For Damages for Slander of Title." Defendants moved to dismiss the petition for failure to state a claim upon which relief could be granted or, in the alternative, to make the petition more definite and certain. In addition, defendants moved for an order that plaintiff give security for costs. On April 22, 1975, the following order was entered by Judge George E. Schaaf:

> "It is difficult to determine whether plaintiff's cause of action is for an Injunction, a Suit to Set Aside a Foreclosure Sale and Deed of Trust, or a Suit for Damages on the theory of slander of title. They are all commingled. Therefore, defendants' Motion to Dismiss, heretofore heard and submitted, is sustained. However, this Court will permit plaintiff one more attempt to properly plead within 30 days.
>
> "Defendants' Motion to Secure Costs is hereby sustained. Filing costs in St. Louis County are $71.00 and plaintiff is granted 30 days to pay into the Registry of Court the additional $30.00 Court costs required."

Plaintiff then filed his three-count, amended petition, asserting: (1) he bought certain real estate by general warranty deed from defendant Goldens; (2) defendant Goldens, as maker of a note to defendant Coster, and defendants Coster and Schubel, had a false, fraudulent, and worthless deed of trust against the real estate, which did not represent a true debt; (3) plaintiff was never informed of the terms of the deed of trust, and no demand was made upon him to pay it; (5) Schubel and Coster foreclosed on the deed of trust, and Schubel sold the property to defendant Goldens; (6) the deed of trust was "maintained" on the real estate at the time conveyed to plaintiff by general warranty deed for the purpose of defrauding plaintiff of his money and property rights; (7) defendant Goldens is seeking to oust him from possession of the real estate; and (8) by these acts, defendants have slandered plaintiff's title to the real estate.

In summary, plaintiff alleged that defendants engaged in a scheme to take away his property by a foreclosure on a false deed of trust. He asked the court to rule that the deed of trust was null and void, to set aside the foreclosure sale and trustee's deed, to prevent enforcement of the trustee's deed, and to award actual and exemplary damages.

Defendants again moved to dismiss the petition, urging that: (1) the petition did not state a claim upon which relief can be granted, because plaintiff admitted the deed of trust was recorded at the time of the purchase of the real estate and plaintiff did not contend he did not have notice of the foreclosure; and (2) the cause of action was dismissed by the operation of Judge Schaaf's order, because the petition was not filed and the costs were not paid within the 30 day period allotted in said order.

On the 13th day of June, 1975, the following order was entered by Judge Ninian Edwards:

> "Comes now the Court and takes up defendants' motion to dismiss plaintiff's petition with prejudice; plaintiff has announced to the clerk that he will not

appear, and does not appear. Defendants appear by counsel of record to argue their motion which was duly noticed; cause is dismissed with prejudice because of plaintiff's failure to file amended petition and other grounds set out in defendants' motion; this ruling is designated a final appealable order."

 Plaintiff's brief urges that his petition was filed within the 30 days allotted him by Judge Schaaf's order, that his petition states a cause of action for fraud, and that therefore the lower court erred in dismissing his petition. Defendants argue that the transcript on appeal shows a filing date after the 30 day period and that, in addition to failure to file on time, the petition was properly dismissed for failure to state a claim because the deed of trust was recorded prior to the conveyance.

We first consider the question whether the first amended petition was timely filed. We have examined the trial court file and find that plaintiff's first amended petition was stamped as being received at 4:21 p. m. on May 22, 1975. A piece of paper stating the amended petition was filed and $30.00 costs paid is also filed and stamped as received at 4:21 p. m. on May 22, 1975. Both documents are stamped as being filed on May 28, 1975.

A paper is filed when it is delivered to the proper officer and lodged in his office. *Ely v. Parsons,* 399 S.W.2d 613, 619 (Mo. App.1966). The critical date is the date the document is received; and, once the document is delivered, the person filing the document is not responsible for the disposition of the document by the clerk's office. *See Stephan v. World Wide Sports, Inc.,* 502 S.W.2d 264 (Mo.1973). We hold that plaintiff's petition was filed within the 30 day period as ordered and that the trial court erred in dismissing the amended petition on the ground it was not timely filed or that the court costs were not paid on time.

 We are then left with the question of whether or not plaintiff's amended petition states a claim upon which relief may be granted, the only other ground for dismissal alleged in defendants' motion.

On a motion to dismiss for failure to state a claim, we are required to construe the petition favorably and to give the pleader the benefit of every reasonable and fair intendment in view of the facts alleged. If the pleader's allegations invoke principles of substantive law which may entitle the party to relief, the petition is not to be dismissed. If the facts pleaded and reasonable inferences to be drawn therefrom, looked at most favorably from the plaintiff's standpoint, show any ground upon which relief can be granted, the plaintiff has a right to proceed. *Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625, 629, 630 (Mo.App.1975). Indeed, under principles of modern pleading, a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Laclede Gas Company, supra* at 630.

 Defendants argue that plaintiff admitted the deed of trust was recorded at the time of the conveyance to him. We do not agree plaintiff admitted such a fact in his pleading. He only states in paragraph 16 that the deed of trust was "maintained on the real estate" at the time of the conveyance to him. Furthermore, plaintiff's claim extends beyond record notice to the claim that the recorded deed of trust was false and was part of a scheme to defraud him.

The elements of an action for fraud and misrepresentation are that (1) a representation was made of a material fact which was false and known to be false and recklessly made, (2) the statement was made with an intent that it should be relied upon by the person and in the manner reasonably contemplated, (3) that the hearer was ignorant of the falsity of the statement, (4) that the hearer has a right to rely on the statement and did in fact do so, and (5) that the plaintiff was induced thereby to act to his consequent and proximate injury. *Yeager v. Wittels,* 517 S.W.2d 457, 463 (Mo.App. 1974).

**932**

Plaintiff's allegations are unclear, and he does not specifically allege each element of fraud. However, if the petitioner's allegations invoke substantive principles of law which may entitle the pleader to relief, it will be sustained even though the cause of action is imperfectly or defectively stated. *Schnabel v. Taft Broadcasting Co., Inc.,* 525 S.W.2d 819, 821 (Mo.App.1975); *Kersey v. Harbin,* 531 S.W.2d 76, 79 (Mo.App.1975). Plaintiff alleges a scheme to defraud him by conveying property under a general warranty deed and foreclosing upon a false and fraudulent deed of trust. We cannot say that plaintiff could prove no set of facts in support of his claim which would entitle him to relief.

Plaintiff's allegations also state a claim in an action of damages for slander of title. He must plead that false words were maliciously uttered which resulted in his pecuniary loss. *Long v. Rucker,* 166 Mo.App. 572, 149 S.W. 1051 (1912). Recordation of a false instrument does state a claim under slander of title. *Greenlake Inv. Co. v. Swarthout,* 161 S.W.2d 697 (Mo.App.1942). Plaintiff here alleges a false deed of trust was recorded against his property with intent to defraud him. His allegations state a claim.

Although plaintiff may have to amend to add facts to support his claim in fraud, and although plaintiff may have difficulty proving his allegations, he should be afforded his day in court and have the opportunity to prove his claims.

The trial court's order dismissing plaintiff's petition is reversed, and the cause is remanded for further proceedings.

CLEMENS, P. J., and SMITH, J., concur.