GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Respondent,

v.

Edward THOMAS, Defendant-Respondent,

and

BLC Insurance Company, Defendant-Appellant.

No. WD 35900.

Missouri Court of Appeals, Western District.

July 16, 1985.

Thomas R. Larson, J. David Bowers, Morris, Larson, King, Stamper and Bold, Kansas City, for defendant-appellant BLC Ins. Co.

Marilyn S. Gussman, Kansas City, for plaintiff-respondent General Motors Acceptance Corp.

Lee M. Nation, Kansas City, for defendant-respondent Edward Thomas.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

PER CURIAM:

General Motors Acceptance Corporation (hereinafter GMAC) filed a two count petition against Edward Thomas (hereinafter Thomas) and BLC Insurance Company (hereinafter BLC). In Count I, GMAC sought a deficiency judgment against Thomas under an installment sales contract involving a 1979 Cadillac automobile. In Count II GMAC sought judgment against BLC under the loss payable clause of a policy of insurance issued to Thomas extending comprehensive coverage on the 1979 Cadillac automobile.

By way of answer to Count II of GMAC's petition, BLC asserted a number of policy defenses, none of which have any direct bearing on the issues raised on appeal. Thomas filed an answer to GMAC's petition, and, additionally, filed a cross-claim against BLC containing two counts. In Count I of his cross-claim, Thomas sought damages against BLC under the comprehensive coverage of the policy of automobile insurance issued to him by BLC. In Count II of his cross-claim, Thomas sought damages against BLC for malicious prosecution. During trial, Thomas dismissed Count II of his cross-claim against BLC.

On February 19, 1980, Thomas notified the Kansas City, Missouri, Police Department that his Cadillac automobile had been stolen. At the time, Thomas was delinquent in his payments under the installment sales contract and refused to make any payments thereafter. The Cadillac automobile, when located by the police on February 20, 1980, had been completely "stripped" and only a "shell" remained. What remained of the Cadillac automobile was repossessed by GMAC and, in due course, sold at private sale. Thereafter, GMAC instituted the action in question.

The respective claims asserted in both counts of GMAC's petition and Count I of Thomas' cross-claim were tried to the court. On March 7, 1983, the trial court entered judgment (a) in favor of GMAC and against Thomas on Count I (for deficiency judgment under the installment sales contract) of GMAC's petition in the sum and amount of $12,167.57 plus attorney's fees and interest in the amount of $2,311.84 and costs, (b) in favor of BLC and against GMAC on Count II of GMAC's petition, and (c) in favor of Thomas and against BLC on Count I of Thomas' cross-claim without setting forth or stating any dollar amount. Parenthetically, a review of the transcript on appeal of the original trial discloses that there was not a scintilla of evidence as to the fair market value of the 1979 Cadillac automobile before it was stolen and "stripped".[1] BLC specifically raised this fatal evidentiary omission by motions for directed verdicts at the close of GMAC's and Thomas' evidence, both of which were overruled. Neither GMAC nor Thomas

1. See generally: *Groves v. State Farm Mut. Auto. Ins. Co.,* 540 S.W.2d 39, 43 (Mo. banc 1976).

sought leave during the original trial to present further evidence to fill the evidentiary void just mentioned. Neither GMAC nor Thomas filed any after-trial motions within fifteen days after rendition and entry of the judgment by the trial court on March 7, 1983. See Rule 73.01(a)(3). Moreover, the trial court did not of its own initiative, or at the request or suggestion of any of the parties, within 30 days after rendition and entry of its judgment on March 7, 1983, undertake to vacate, reopen, correct, amend, or modify its judgment rendered and entered March 7, 1983. See Rule 75.01.

Neither GMAC nor Thomas filed a notice of appeal from the aforesaid judgment entered by the trial court on March 7, 1983. BLC filed a timely notice of appeal therefrom but subsequently dismissed same.

On December 16, 1983, Thomas filed a motion to reopen his case against BLC on Count I of his cross-claim for the purpose of introducing evidence as to the fair market value of the 1979 Cadillac before it was stolen and "stripped", and, following the introduction of such evidence, for amendment of the judgment entered March 7, 1983, by inclusion of a dollar amount.

On February 15, 1984, the trial judge sustained Thomas' motion filed December 16, 1983, and set the matter for hearing on March 19, 1984. Following receipt of evidence by Thomas on March 19, 1984, as to the fair market value of the 1979 Cadillac automobile before the date it was stolen and "stripped", the trial court on March 20, 1984, amended its judgment entered on March 7, 1983, in favor of Thomas and against BLC on Count I of Thomas' cross-claim by inclusion of a dollar amount, to-wit, $12,500.00.

BLC appeals from the amended judgment entered by the trial court on March 20, 1984. Two points are relied on by BLC as grounds for appellate relief: (1) the trial court lacked jurisdiction on March 20, 1984, to amend the judgment entered on March 7, 1983; and (2) said amended judgment is inconsistent with the original judgment rendered in favor of BLC and against

GMAC on Count II of GMAC's petition in that GMAC was denied recovery against BLC under the policy insuring the 1979 Cadillac automobile but Thomas was allowed recovery against BLC under said policy.

BLC's first point, which raises the paramount issue on appeal, is appropriately framed by posing the following question. On March 19, 1984, did the trial court still retain control over the judgment entered March 7, 1983, so as to permit it to reopen the case against BLC on Count I of Thomas' cross-claim for the purpose of hearing evidence as to the fair market value of the 1979 Cadillac before it was stolen and "stripped", thereby filling an evidentiary void present at the time of the original trial, and, accordingly, amend its original judgment entered March 7, 1983?

Under Rule 81.05(a), a judgment becomes final at the expiration of thirty days after the entry of such judgment if no authorized after-trial motions are timely filed. Concomitantly, "[t]he trial court retains control over judgments during the 30–day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01. It is patent on the face of the record in this case that the judgment entered by the trial court on March 7, 1983, became a final judgment on April 7, 1983, as no authorized after-trial motions were timely filed and the trial court on its own initiative did not "vacate, reopen, correct, amend, or modify" the March 7, 1983, judgment within 30 days after its entry. See generally: *Ratermann v. Ratermann*, 485 S.W.2d 80, 84 (Mo.1972); and *Schenberg v. Schenberg*, 307 S.W.2d 697, 701 (Mo.App.1957).

Thomas *knew* at the close of his evidence, which succeeded the close of GMAC's evidence, that no proof had been introduced as to the fair market value of the 1979 Cadillac automobile before it was stolen and "stripped". Thomas made no effort to reopen his case and fill the evidentiary void prior to conclusion of the trial,

nor did he timely seek to do so by any authorized after-trial motion, nor did the trial court on its own initiative within 30 days after entry of the March 7, 1983, judgment exercise its authority pursuant to Rule 75.01 to "vacate, reopen, correct, amend, or modify its judgment." It is reasonable to assume that the trial court's failure to state or set forth a dollar amount in the March 7, 1983, judgment entered in favor of Thomas and against BLC on Count I of Thomas' cross-claim was due to the fact that there was no evidentiary basis upon which to do so. Thomas complacently sat by for some eight months and twelve days before he made any effort to reopen his case, present further evidence to fill the evidentiary void to "prove up" his purported damage, and have the March 7, 1983, judgment amended accordingly. Thomas' conduct throughout was the antithesis of diligence insofar as correcting the evidentiary void which he had knowledge of during the original trial.

Thomas has not seen fit to favor this court with a brief on appeal. Perforce, no arguments have been tendered or authorities cited demonstrating any viable procedural vehicle, under the unique facts of this case, permitting the trial court to reopen the case against BLC on Count I of Thomas' cross-claim, hear evidence as to the fair market value of the 1979 Cadillac automobile before it was stolen and "stripped", and amend its original judgment entered March 7, 1983, accordingly.

This court is constrained to conclude that the trial court no longer retained control over the original judgment entered March 7, 1983, which became a final judgment on April 7, 1983, so as to permit it to reopen the case against BLC on Count I of Thomas' cross-claim on February 15, 1984, hear further evidence on March 19, 1984, and amend its original judgment entered March 7, 1983. Any other result would thwart the concept of finality of judgments.

In view of the disposition of point one, it is unnecessary to address and dispose of BLC's second point.

The amended judgment entered March 20, 1984, is reversed and set aside.

