Joe LAVIGNE, d/b/a Lavigne and Sons Construction Co., Plaintiff,

v.

John B. BANKS and Linda Banks, et al., Respondents,

and

Cleo Banks, Appellant.

No. 55418.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 29, 1989.

James A. Stemmler, Clayton, for appellant.

No brief filed for respondents.

STEPHAN, Judge.

Appellant, Cleo Banks, appeals the trial court's denial of her motion for final judgment and attorneys' fees. We affirm the trial court's ruling on the motion for final judgment and reverse and remand for a ruling on the motion for attorneys' fees.

Appellant was one of seven parties who claimed an interest in the real estate of respondents, John and Linda Banks. Plaintiff, Joseph Lavigne, doing business as Lavigne and Sons Construction Company ("Lavigne"), filed suit in contract against respondents for labor, material, and subcontractors' costs. R.J. Wachter Plumbing Company, a subcontractor of Lavigne, filed a separate mechanic's lien against respondents. Another subcontractor, Century Carpet Distributors, subsequently filed an equitable mechanic's lien naming as defendants: John and Linda Banks; Lavigne and Sons Construction Co.; Wachter Plumbing Co.; Biebel Brothers, Inc., which had filed a mechanic's lien; Mercantile Commerce and Trust Co., which held a first deed of trust on respondents' property; Community Federal Savings & Loan Association, which held the second deed of trust on respondents' property; and appellant, who had a prior judgment against John Banks for unpaid child support. All three cases were consolidated into one action under the equitable mechanic's lien statute. § 429.270, RSMo 1986.

Prior to the start of trial, appellant obtained a summary judgment on her claim against defendants by virtue of her previous judgment. The trial court determined that appellant's lien ranked below that of all the other liens asserted. Additionally, the claim of Wachter Plumbing Co. was settled and dismissed.

The equitable action proceeded to trial before a jury. The judgment reflects that a verdict was rendered against "Joe Lavigne, d/b/a, etc." on his claim for labor, materials and subcontractors' costs.

In our review of this equitable proceeding, we analyze both the law and the evidence, setting aside the judgment only if it is clearly erroneous. *Peerless Supply Company v. Industrial Plumbing & Heating Company, Inc.*, 460 S.W.2d 651, 657 (Mo.1970). Appellant's first point is that she did not receive a final judgment because the trial court failed to prioritize the liens of all interested parties. In this, an equitable case, the judgment against plaintiff is binding as to all parties to the proceeding. § 429.280, RSMo 1986. Since Lavigne did not prevail, and the judgment referred to subcontractors' costs, the various subcontractors likewise did not prevail on their individual liens against respondents. The liens of the remaining parties are prioritized by the nature of their interests. Mercantile Commerce and Trust, holding a first deed of trust, has the superior lien. The holder of the second deed of trust, Community Federal, is next, followed at the end by appellant. It was, therefore, unnecessary for the trial court to specifically prioritize the remaining liens, and it correctly ruled that appellant had a final judgment. Appellant's first point is denied.

Appellant's second point is that she did not waive her claim to attorneys' fees because, contrary to the trial court's order entered in the record, there is no requirement that a motion for attorneys' fees be presented concurrently with a motion for summary judgment. Section 429.180, RSMo 1986, explains that: "The pleadings, practice, process and other proceedings in

cases arising under sections 429.010 to 429.340 shall be the same as in ordinary civil actions and proceedings in circuit courts, except as herein otherwise provided." Rule 74.04, Summary Judgment, upon which the trial court based its ruling, makes no reference to attorneys' fees or to the time when such a motion must be made. Rule 75.01, provides that the trial court retains jurisdiction over its judgment for a 30 day period within which it may "for good cause, vacate, reopen, correct, amend or modify its judgment...." Rule 81.05(a) then extends the trial court's jurisdiction for 90 days from the timely filing of a post-trial motion.

The trial court's minutes reflect that judgment for appellant was entered on July 5, 1988. Appellant's motion for attorneys' fees was filed on July 14, 1988. We construe appellant's motion for attorneys' fees to be a motion to amend the judgment. We thus hold appellant's motion was timely filed and the trial court was clearly erroneous. The motion in the record before us seeks attorneys' fees in the amount of $2,800.00. The trial court's order denying the motion because it was "untimely" recites that the "parties stipulate that $1,200.00 is a reasonable attorney's fee if awardable." Accordingly, we reverse the trial court's judgment and remand for a ruling on the motion.

SMITH, P.J., and SATZ, J., concur.