Roger KLEMME, Plaintiff/Appellant,

v.

STATE of Missouri, Defendant/Respondent.

Nos. 59222, 59776.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 6, 1991.

Mary K. Anderson, Columbia, for plaintiff/appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

GRIMM, Judge.

Movant Roger Klemme appeals the dismissal of his Rule 24.035 motion. He contends the motion court erroneously found

his motion was not timely filed. We agree, and remand for further proceedings.

## I. Background

Movant originally was charged in Pike County with conspiracy and with manufacturing marihuana. On a change of venue, the cases were transferred to Marion County. On May 14, 1989, movant pled guilty to Hon. Ronald M. Belt, special judge, in Hannibal. Following sentencing, movant was delivered to the Department of Corrections on May 18, 1990.

Movant's *pro se* motion was notarized August 10, 1990. The motion was mailed, according to the certified return receipt, to "Jerry P. Sampson, Clerk Cir. Ct & Ex officio Recorder of Deeds, Marion Co. Cthse, Palmyra, Mo. 63461–1694." The return receipt was signed August 16, 1990, the ninetieth day after movant was delivered to the Department of Corrections.

The Circuit Court of Marion County has two geographical districts. District I is located at the county seat at Palmyra, while District II is at Hannibal. § 478.-720.*

Movant's *pro se* motion reflected the "name and location of court which imposed sentence" as "Circuit Court District II, Marion County, Palmyra, Missouri 63461." Since District II is not in Palmyra, according to the motion court's order, the "Clerk at Palmyra sent the Motions to the Clerk at Hannibal who shows the Motions as having been filed on 8/17/90."

The motion court dismissed the motion. It found, "There is no [Circuit Court District II, Marion County, Palmyra] in Marion County, Missouri, nor was Movant convicted in such Court. He was convicted in the Circuit Court of Marion County, District 2 at Hannibal, Missouri, 63401, where Movant should have filed his Motions."

Further, the motion court found, "Rule 24.035(b) requires Movant to file his Motion within ninety (90) days after Movant is delivered to the custody of the Department of Corrections. Thus the latest day Movant could have filed ... was on 8/16/90.

*All statutory references are to RSMo 1986, un-

Movant filed his [motion] on 8/17/90 and was thus one day beyond the limit allowed by the Rule."

## II. Propriety of Dismissal

On appeal, movant claims the motion court erred in dismissing his motion because the "motion was filed in the Circuit Court of Marion County within 90 days from the date [movant] was delivered to the Department of Corrections and Rule 24.035(c) requires only that the motion be filed in the circuit court which imposed sentence and does not specify district or division."

Rule 24.035(a) provides that "[a] person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections ... may seek relief in the sentencing court." A person who seeks this relief "shall file a motion to vacate, set aside or correct the judgment or sentence ... within ninety days after [being] delivered to the custody of the department of corrections." Rule 24.035(b).

The question presented is whether the receipt of the motion in Palmyra complies with the requirements that the motion be filed "in the sentencing court" within ninety days after movant was delivered to the custody of the Department of Corrections. Rule 24.035(a) and (b). We find it does comply.

Under our previous constitution and statutes, "The Hannibal Court of Common Pleas" was a separate and distinct court from the Circuit Court of Marion County. *See, e.g.,* § 480.190 to 480.310, RSMo 1969; 478.070, RSMo 1969; 478.233, RSMo 1969; Mo. Const. of 1945, art. V, § 1 (amended 1976). The Hannibal Court of Common Pleas had exclusive original jurisdiction within the limits of Mason and Miller townships. § 480.190 and 480.200, RSMo 1969.

On August 3, 1976, the people adopted a revised article V of the Constitution. Among many changes, it provided that the Hannibal Court of Common Pleas, effective January 2, 1979, "shall be known as division number 2 of the Marion county circuit

less otherwise indicated.

court instead of the Hannibal Court of Common Pleas." Article V, § 27(2)(c).

To implement the revised judicial article, the General Assembly enacted the "Court Reform and Revision Act of 1978." 1978 Mo. Laws 696. Among other things, this act repealed the statutes recognizing the Hannibal Court of Common Pleas. New § 478.720 divided Marion County Circuit Court into two districts. District 2 (Hannibal) was given exclusive original jurisdiction in Mason and Miller townships, with District 1 (Palmyra) given exclusive original jurisdiction in all other townships.

As with revised article V, § 478.720 is clear that only one circuit court exists in Marion County. Throughout § 478.720, reference is made to "Marion County circuit court." Although this section often refers to the two districts, they are always referred to as "District number 1 of the Marion County circuit court" or "District number 2 of the Marion County circuit court."

Further, the General Assembly made provision for filings which were made in the wrong district. Section 478.720 states:

"If a cause be filed in district number 1 of the circuit court of Marion County when it should have been filed in district number 2 of said court, or if a cause be filed in district number 2 of said court when it should have been filed in district number 1 of said court, *upon motion of any party*, the cause shall be transferred to the proper district and proceedings thereafter had in that district as if the case was originally filed in that district. The matter of the filing of the action in the improper district *shall be deemed waived* [unless raised by motion or pleading prior to trial]." (emphasis added).

Hence, movant's Rule 24.035 motion filed in District I should have been treated "as if the case was originally filed in that district." *Id.*

We note that this statute refers to causes "filed" in an incorrect district. "The depositing of the motion with the clerk constitutes a filing. The record entry or the stamp of the clerk on the motion only constitutes evidence of the filing." *See State v. Brubaker,* 177 S.W.2d 623, 624 (Mo.Div. 2 1944). "The clerk must make some record of the filing of a paper when it is presented to him. He has no discretion in this matter."

It is not disputed that movant's Rule 24.035 was received by the court clerk in Palmyra on August 16. August 16 was within the ninety-day period movant had to file his motion.

Movant's Rule 24.035 motion was timely filed. The motion court erred in dismissing the motion. The cause is remanded for further proceedings pursuant to Rule 24.035.

PUDLOWSKI, P.J., and KAROHL, J., concur.