**AGC INSURANCE FUND, et al., Plaintiff/Respondent,**

v.

**JETCO HEATING & AIR CONDITIONING, INC., Defendant/Appellant.**

No. 59639.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 17, 1991.

Roger M. Hibbits, Clayton, for defendant/appellant.

James E. Robertson, St. Louis, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant appeals from an order by the trial court amending the judgment. We dismiss the appeal for lack of jurisdiction.

Plaintiff brought an action to recover premiums and interest from the defendant which were due pursuant to an insurance fund participation agreement. The jury returned a verdict in plaintiff's favor which awarded as damages the amount of premiums due but did not include interest. Jury Instruction 8 provided: "If you find in favor of plaintiffs, then you must award plaintiffs $3,450.00, with 9% interest thereon from April, 1986." The court entered judgment in accordance with the verdict on September 19, 1990.

On October 18, 1990, twenty-nine days after the judgment was entered, the plaintiff filed its Motion to Amend the Judgment requesting interest and costs. On December 14, 1990, eighty-six days after the judgment was entered, the court entered an order amending the judgment which awarded interest and costs to the plaintiff.

■ Section 408.020, RSMo 1986 allows a creditor prejudgment interest on liquidated claims after demand for payment is made. In circumstances such as those here, where interest is only a matter of mathematical computation, the trial court can make the computation. *General Aggregate Corporation v. LaBrayere*, 666 S.W.2d 901 (Mo.App.1984). Thus, the trial court had the authority to amend the judgment and assess the interest. The issue here, however, is whether the trial court had the jurisdiction to do so. It did not. It lost jurisdiction thirty days after entry of the original judgment on October 18, 1990. Absent a timely after-trial motion, the trial court must act within thirty days after entry of judgment in order to exercise jurisdiction over the judgment. Rule 75.01. Rule 81.05 allows this time to be extended to 90 days if an after-trial motion is timely filed. To be timely, however, an after-trial motion must be filed within fifteen days after the entry of the judgment. Rule 78.04; *General Motors Acceptance Corporation v. Thomas*, 694 S.W.2d 514, 516 (Mo.App.1985). Here the motion was filed twenty-nine days after the judgment and

the court granted the motion eighty-six days after the judgment. The motion was not timely and the court acted after the thirty-day period elapsed, therefore the trial court did not retain jurisdiction to amend the judgment under Rules 75.01 and 81.05.

■ While the trial court relied on the case of *Lavigne v. Banks*, 775 S.W.2d 347 (Mo.App.1989), this reliance is misplaced. There the judgment was entered on July 5, 1988. Appellant's motion to amend was filed nine days later on July 14, 1988 and was, thus, timely filed. There we held the trial court had jurisdiction to amend for a period of up to ninety days from the date of the filing of the motion. The key to that case is "filing a timely motion." Here no timely motion was filed and the amended judgment, made eighty-six days after entry of the original judgment, is therefore void.[1] When a trial court's judgment is void for lack of jurisdiction, then the court of appeals has no jurisdiction to review.

Appeal dismissed.

GARY M. GAERTNER and CRANE, JJ., concur.

---

1. In its brief, plaintiff suggests the trial court's action could be supported by Rule 74.06. We have examined the rule and the circumstances here do not fit. It is clear that plaintiff's motion was filed under Rule 75.01 and the trial court based its ruling under Rule 75.01.