STATE of Missouri, Plaintiff,

v.

Laron HARRIS, Defendant.

Laron HARRIS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57924, 60277.

Missouri Court of Appeals,
Eastern District, Division Four.

March 24, 1992.

Emily Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury convicted defendant, Laron Harris, of murder in the second degree, § 565.-021 RSMo 1986, and armed criminal action, § 571.015 RSMo 1986. The court imposed consecutive sentences of life imprisonment and seventy-five years respectively. We have consolidated defendant's appeal of his convictions with an appeal from the denial of his Rule 29.15 motion for post conviction relief after an evidentiary hearing. We affirm.

The case involves a senseless killing. There was no discernable motive for the shooting. The evidence, viewed in the light most favorable to the verdict, indicates four teenagers, Tanya Loggins, Veronica Wright, defendant and Cory Wilkins, were outside talking in the early morning hours

of August 10, 1989. Another teenager, Anthony Jones, drove up and engaged in conversation with Tanya. Anthony reminded Tanya the two met several weeks earlier at Straussenfest. Defendant approached Anthony and exchanged innocuous words. Defendant, apparently anticipating trouble, threw a punch at Anthony. A fistfight ensued and Cory Wilkins joined in. Tanya and Veronica heard a gunshot and saw Anthony fall. Defendant testified Cory did the shooting. Tanya and Veronica testified they saw defendant stand over Anthony and fire five additional shots into Anthony.

Tanya and Veronica denied seeing the incident three times to the police. In a fourth questioning, they implicated defendant. The grand jury indicted defendant for murder in the first degree and armed criminal action. A judge certified defendant, who was sixteen years old at the time of the incident, to stand trial as an adult.

Defendant presents three points on appeal. First, he alleges the trial court erred in allowing the state, over objection, on cross-examination to question him about a prior incident of possessing a firearm at Vashon High School and in overruling his motion in limine, made prior to closing arguments, to exclude argument about his previous possession of a gun because the subject of both was a collateral offense. The reference to the motion in limine was not preserved in defendant's motion for new trial and the ruling was interlocutory. It is now a non-issue because the state merely argued facts which were properly in evidence if the allowed cross-examination was not error.

■ On direct examination defendant testified he did not have a gun. During cross-examination, defendant disclaimed ever having a gun of his own. For several reasons we find the court did not err in allowing the state to cross-examine defendant regarding prior possession of a firearm at a school. First, objections were not timely. Defendant made his objections after he answered the complained of questions. Thus, the matter is not properly preserved for appellate review and we review only for plain error. Rule 30.20. *See*

*State v. Bellah,* 745 S.W.2d 213, 216 (Mo. App.1987). Defendant's untimely objections were on the basis the cross-examination called for an answer consisting of evidence of other crimes. However, defendant never identified to the trial court what crime defendant's answer disclosed.

Second, defendant's answers denying prior possession of a gun opened the door to a challenge of credibility on this issue. *See State v. Ford,* 623 S.W.2d 574, 576 (Mo. App.1981). No details were given regarding the firearm possession at Vashon High School. Accordingly, the state's inquiry does not run afoul of *State v. Dunn,* 577 S.W.2d 649 (Mo.banc 1979). We find no error, plain or otherwise.

■ Defendant's second appeal argument is the court erred in refusing to instruct the jury on the lesser included offense of voluntary manslaughter, MAI–CR 3d 313.08. The state proved an intentional killing, not manslaughter. Defendant's theory of defense is misidentification not a ground to argue a lesser included offense. He testified Cory Wilkins killed the victim. As such, defendant denies the shooting and his evidence does not support an instruction of justification. *See State v. Stribling,* 721 S.W.2d 48, 50–1 (Mo.App.1986). The requested instruction was properly refused because there was no evidence to support it.

Finally, defendant argues the motion court erred in denying his Rule 29.15 motion. Defendant alleges his counsel was ineffective "BY FAILING TO ATTEMPT TO STRIKE FOR CAUSE OR EXERCISE A PEREMPTORY CHALLENGE ON A JUROR WHO INDICATED ON VOIR DIRE HER STRONG FEELINGS ABOUT GUNS AND EQUIVOCATED WHEN ASKED BY COUNSEL IF SHE COULD FOLLOW THE COURT'S INSTRUCTIONS."

■ The state argues defendant's motion was untimely filed because it was not received and filed by the clerk's office within thirty days after the filing of the transcript, Rule 29.15(b). Movant sent via certified mail his original pro se motion to

"Division 12, Office of the Clerk Civil Courts Bldg" where it was received on November 21, 1990, well within the thirty day limitation after his direct appeal transcript was filed. Apparently, the office handling motions for post conviction relief is located in the Municipal Courts Building. The motion was forwarded and received at the Municipal Courts Building on November 27, 1990, one day out of time. Rule 29.15(c) states: "Movant shall file his motion ... with the clerk of the trial court." Defendant complied with the rule by filing his motion with the clerk of Division 12, the division where he was tried. The Circuit Clerk of the City of St. Louis received the motion within the time allowed. Accordingly, the motion is timely.

■ At the motion hearing, defense counsel testified he kept the juror in question because she indicated state's witnesses, Tanya and Veronica, would have to be 120% credible before she would believe them. This was a response to information they denied knowledge three times before changing their story. Given the fact defendant's theory was misidentification and defendant denied having the gun, counsel considered this response and made a decision to keep the juror. Counsel was aware the juror had an aversion to guns. However, the use of a gun by someone was not in dispute and the contested issue was credibility, either the two girls were untruthful or defendant was guilty. The court accepted counsel's explanation and ruled the decision was a matter of trial strategy. *See Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). The findings and conclusions of the court are not clearly erroneous. Rule 29.-15(j). Point denied.

The judgment of conviction is affirmed.

SMITH, P.J., and AHRENS, J., concur.