**Paul R. LEWIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 46545.**

Missouri Court of Appeals,
Western District.

Jan. 19, 1993.

Gary E. Brotherton, State Public Defender's Office, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and HANNA, JJ.

HANNA, Judge.

This appeal concerns the dismissal for untimely filing of a Rule 24.035 motion that movant Paul R. Lewis filed before the deadline imposed by Rule 24.035(b), but without the two required copies mandated in Rule 24.035(c). Under Rule 24.035(b), the movant's failure to file a motion within ninety days after his delivery to the custody of the department of corrections constitutes a complete waiver of any right to proceed under the rule. Rule 24.035(c) provides:

> Clerk's Duties. Movant shall file his motion and two copies thereof with the clerk of the trial court. The clerk shall immediately deliver a copy of the motion to the prosecutor. Upon receipt of the motion the clerk shall notify the sentencing judge. [Emphasis added].

After pleading guilty to production of a controlled substance and being sentenced to seven years' imprisonment, movant Lewis was delivered to the custody of the department of corrections on December 23, 1991. The circuit court clerk received by mail one "signed copy" of movant Lewis' pro se motion on March 18, 1992, five days before the ninety-day deadline of Rule 24.035(b). Apparently, the clerk returned that motion to movant Lewis and directed him to resubmit the motion with two copies as required by Rule 24.035(c). Movant Lewis complied. However, his motion when resubmitted with the two copies was file-stamped and docketed on April 3, 1992, eleven days after the deadline. The motion court appointed counsel, who filed an amended motion and requested an evidentiary hearing. Nevertheless, the motion court dismissed for untimely filing, stating that it lacked jurisdiction to consider movant Lewis' substantive claims.

Movant Lewis contends that the dismissal of his motion was clearly erroneous because the court clerk was obligated to file his *pro se* motion submitted five days before the ninety day deadline.

The filing of a motion for post-conviction relief under Rule 24.035 commences a civil action. *Cowans v. State,* 778 S.W.2d 758, 761 (Mo.App.1989). Filing occurs when a document is delivered to the proper officer and lodged in his office. *Euge v. Golden,* 551 S.W.2d 928, 931 (Mo. App.1977). A post-conviction motion is considered filed when deposited with the circuit court clerk, *Klemme v. State,* 812 S.W.2d 569, 571 (Mo.App.1991), and lodged in the clerk's office, *Morant v. State,* 783 S.W.2d 139, 140 (Mo.App.1989). Crucial to determining timeliness of the filing is the date of receipt. *Euge,* 551 S.W.2d at 931. Once the document is delivered, the person filing the document is not responsible for the disposition of the document by the clerk's office. *Id.*

To commence a civil action under Rule 24.035, the movant must file his motion within ninety days after his delivery to custody. Untimely filing waives any right to proceed under the rule. The Rule 24.035(b) deadline corresponds to a statute of limitations in other civil actions. In *Nitcher v. Newton County Jail,* 751 S.W.2d 800, 804 (Mo.App.1988), the date that the clerk received a prisoner's petition for damages governed determination of compliance with the statute of limitations. The action was properly commenced upon receipt of the petition although docketing, ruling on the in forma pauperis motion, and service of process occurred after expiration of the statute of limitations. *Id.*

In determining the timeliness of post-conviction motions, the court of appeals has relied on the date of the initial delivery of the motion to the clerk's office. Motions received by the clerk before the deadline have been deemed timely filed even though the court ruled on the in forma pauperis motion after the deadline, *Trice v. State,* 792 S.W.2d 672, 674 (Mo.App.1990); even though the motion was mailed to the wrong district of the circuit court, and reached the

proper district after the deadline, *Klemme*, 812 S.W.2d at 571; even though the motion was forwarded by the clerk to the office handling post-conviction motions after the deadline. *State v. Harris*, 827 S.W.2d 255, 256–57 (Mo.App.1992).

 Here, the circuit court clerk first received movant Lewis' motion five days before the Rule 24.035(b) deadline. Under the applicable law, filing occurred on the date of receipt in the clerk's office. *Klemme*, 812 S.W.2d at 571; *Euge*, 551 S.W.2d at 931. Movant Lewis, therefore, timely filed his motion. The clerk's return of the motion to movant Lewis had no impact on the filing date. *See Euge*, 551 S.W.2d at 931.

By filing within ninety days of his delivery to the department of corrections, movant Lewis complied with Rule 24.035(b), which sanctions only "failure to *file a motion* within the time" limit. The requirement of filing *two copies* of the motion appears in Rule 24.035(c), and contains no sanction for lack of compliance. The sanction of waiver that appears in Rule 24.-035(b) does not apply to failure to comply with 24.035(c) because section (c) lacks any enforcement mechanism to assure compliance. *Cf. King v. State*, 772 S.W.2d 6, 7 (Mo.App.1989) (holding that provisions of Rule 24.035(i) requiring the court to issue findings and conclusions within thirty days of submission have "no teeth," and provide no basis for relief to a movant complaining about lack of timely compliance).

The motion court erred in dismissing movant Lewis' motion for untimely filing.

Insisting on the propriety of the summary dismissal, the state contends that the substantive claims presented in Movant Lewis' pro se and amended motions provide no basis for post-conviction relief. Counsel for the state, after meticulously analyzing each claim, argues that all grounds for relief either lack the requisite factual pleading or are refuted by the record. According to the state, the motion court could have properly overruled the motion without an evidentiary hearing because the record conclusively shows no entitlement to relief. Rule 24.035(g). The state then urges this court to affirm the summary dismissal on that basis in order to eliminate a useless remand and to expedite the post-conviction proceedings.

Provisions in Rule 24.035(g), (h), and (i) relegate to the motion court the functions of determining entitlement to an evidentiary hearing, conducting the initial review of the movant's substantive claims, and issuing findings of fact and conclusions of law on all issues presented. Rule 24.-035(j) specifically limits appellate review to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Here, the only finding and conclusion the motion court made was that the untimely filing deprived it of jurisdiction. The motion court never considered Movant Lewis' substantive claims. An appellate court must not supply findings and conclusions by implication. *Brown v. State*, 810 S.W.2d 716, 718 (Mo.App.1991). The motion court must issue findings and conclusions which are responsive to the movant's substantive claims and which facilitate meaningful appellate review. *Criner v. State*, 790 S.W.2d 524, 525 (Mo.App. 1990). On remand, movant Lewis is entitled to a ruling on his request for an evidentiary hearing and to issuance of findings and conclusions on his grounds for post-conviction relief.

The judgment is reversed, and the cause is remanded for reinstatement of appellant's post-conviction motion and for further proceedings.

All concur.