Vanessa R. TICE, Petitioner–
Respondent,

v.

Scott A. TICE, Respondent–Appellant,

Jason Robert Tice and Peggy Virginia
Tice, Intervenors–Appellants.

Nos. 18169, 18186.

Missouri Court of Appeals,
Southern District,
Division Two.

April 12, 1993.

Andrew K. Bennett, Gannaway, Fiorella, Cummings & Bennett, Springfield, for petitioner-respondent.

Scott B. Tinsley, P.C., Springfield, for respondent-appellant.

Nancy Steffen Rahmeyer Pratt & Fossard, Springfield, for intervenors-appellants.

PREWITT, Judge.

The marriage of Vanessa R. Tice and Scott A. Tice was dissolved by a dissolution decree entered April 14, 1992. In that decree Vanessa R. Tice was granted primary physical custody of the male child born of the marriage. The decree provided for visitation of the child by Scott A. Tice and his parents, Jason Robert Tice and Peggy Virginia Tice.

By order made May 18, 1992 the visitation arrangements were changed. Scott A. Tice, Jason Robert Tice and Peggy Virginia Tice appeal from the latter order. In their joint brief appellants contend that the trial court no longer had jurisdiction to make the order of May 18 and did not give the parties an opportunity to be heard before entering the order.

The petition for dissolution was filed by Vanessa R. Tice on March 22, 1991. Appellant Scott A. Tice filed an answer and counterclaim on May 2, 1991. On February 21, 1992, Jason Robert Tice and Peggy Virginia Tice, grandparents of the child born to the marriage, filed a motion to intervene, seeking "orders of specific visitation rights" with the child. That motion was sustained on March 5, 1992.

All parties participated in person and by attorney at the trial on March 17, 1992. A decree of dissolution of marriage was entered on April 14, 1992. On May 7, 1992, Jason Robert Tice and Peggy Virginia Tice filed a motion to amend the decree pertaining to visitation. On May 13, 1992, Vanessa R. Tice filed a motion to amend the decree regarding the amount of child support, health insurance and medical expenses of the child.

The trial court then entered an "Amended Decree of Dissolution of Marriage" following the requests made by Vanessa R. Tice in her motion to amend the decree. This amended decree recites that it occurred "on this 13th day of May, 1992", however, a stamp of the circuit clerk states that it was filed "May 18, 1992". The docket sheet recites that on "05/13/92 Amended Decree of Dissolution of Marriage presented by Petr on Motion entered & filed. Don Bonacker, CirJ." The docket sheet also reflects a hearing that day on Jason Robert Tice's and Peggy Virginia Tice's motion to amend the decree. Their motion was taken under advisement.

■ On May 18, 1992, the court made certain modifications in intervenors' visitation with the child. It is that order which appellants contest. Appellants state that the trial court lost jurisdiction May 14, 1992, because there were no timely after-trial motions filed and under Rule 75.01 the trial court retains jurisdiction to amend the original decree for only thirty days after its entry.

Because the after-trial motions were not filed within fifteen days after the entry of the judgment, the trial court had authority to change the judgment for only thirty days as provided in Rule 75.01. *AGC Ins. Fund v. Jetco Heating & Air Conditioning, Inc*, 815 S.W.2d 141, 142 (Mo.App. 1991); Rule 73.01(a)(3).

■ Not being made within fifteen days, the motions to amend are treated as suggestions to the court that it amend its decree under the authority granted to the court by Rule 75.01. *Caldwell Paint Mfg. Co. v. LeBeau*, 591 S.W.2d 1, 5 (Mo.App. 1979).

If the amendment on petitioner's motion was made within thirty days, then under Rule 75.01 the trial court had an additional thirty days from that amendment to make other changes as the effect of that amendment was the entry of a new judgment. *Moyer v. Walker*, 771 S.W.2d 363, 365 (Mo. App.1989); *Daniels v. Daniels*, 675 S.W.2d 29, 32 (Mo.App.1984).

The amendment on petitioner's motion recites that it occurred on May 13, 1992, and the docket sheet confirms that order and a hearing on intervenors' motion on that date. No transcript of that hearing was filed here and whether its proceedings were preserved is not shown in the record.

■ The stamp of the clerk showing the date of filing does not conclusively establish that it was "filed" on that date. See *Lewis v. State*, 845 S.W.2d 137, 138–139 (Mo.App.1993); *Euge v. Golden*, 551 S.W.2d 928, 931 (Mo.App.1977); 66 Am. Jur.2d Records § 4, p. 344 (1973); 76 C.J.S. Records § 6, p. 116 (1952). Cf. also *Brissette v. Brissette*, 471 S.W.2d 691, 693 (Mo. App.1971); *Mirax Chemical Products Corp. v. Tarantola*, 268 S.W.2d 71, 73 (Mo. App.1954).

If the trial judge rendered the decision on May 13, 1992, as he indicated in the order and docket sheet, then its validity is not affected by a delay of the court clerk in entering it into the court records, if such occurred. See *Fleming v. Clark Township of Chariton County*, 357 S.W.2d 940, 942 (Mo.1962).

There is a distinction between the judicial act of rendering a judgment or an order and the ministerial act of entering it upon the record. See *Allen v. Gibbons*, 425 S.W.2d 243, 245–246 (Mo.App.1968); *Rehm v. Fishman*, 395 S.W.2d 251, 255 (Mo.App. 1965). *See also In re Marriage of Huey*, 716 S.W.2d 479, 481 (Mo.App.1986) (Prewitt, C.J., dissenting). If the amended judgment was rendered within thirty days of the trial court's initial judgment, under Rule 75.01 it is valid, even if entered after such time has expired. *In re Marriage of Brooke*, 773 S.W.2d 496, 498 (Mo.App. 1989).

■ It is easy to conceive of a situation where the trial court executes a document,

but the circuit clerk's office is not aware of it until days later. Absent some specific showing to the contrary, we must presume that the document was entered on the date it recites, particularly where, as here, it is confirmed by the docket sheet.

The decree was first amended on May 13, 1992, thus the trial court had an additional thirty days under Rule 75.01 to change the judgment. The trial court therefore had jurisdiction over the matter at the time of the order made May 18, 1992, modifying intervenors' visitation.

Appellants are correct that although the trial court may amend a judgment under Rule 75.01 within thirty days, "reasonable notice and opportunity to be heard must be given to the party or parties affected by the court's intended action." *Dixon v. Bi-State Development Agency*, 636 S.W.2d 696, 698 (Mo.App.1982).

■ As earlier recited, the docket sheet reflects that a hearing on the grandparents' motion to amend the original decree was held on May 13, 1992. The docket sheet recited that the grandparents appeared at that hearing by their attorney. Appellants acknowledge that the hearing occurred, but assert that the order complained of "does not pertain to the relief sought in said motion, and is more in the nature of an amendment on the Court's own motion."

In the original decree of dissolution, intervenors were granted visitation rights with the child "on those weekends during which Respondent [Scott A. Tice] is entitled to visitation, but is unable to exercise such visitation." The decree further stated, "[o]n those occasions when Intervenors shall pick up the child for such visitation periods, they shall be entitled to exercise such visitation from 7:00 p.m. on Friday until 7:00 p.m., on Saturday." Respondent's visitation period ran from 5:00 p.m. on Friday until 5:00 p.m. on Sunday each alternate weekend.

By their motion to amend the decree of dissolution of marriage, intervenors requested the court "to more clearly specify and detail" the provisions concerning visitation. They requested that they be allowed to pick up the child on those weekends when respondent would be exercising his visitation rights, but would be unable to pick up the child at the specified time.

The order of May 18, 1992 stated:

Intervenors visitation time changed to 5:00 p.m. on Friday until 5:00 p.m. on Saturday. If Respondent personally picks up the children [sic] to begin alternate weekend visitation, the children should be returned at 5:00 p.m. on Sunday. If Intervenors pick up the children to begin the weekend visitation they should be returned at 5:00 p.m. on Saturday. However, the parties may mutually agree to other arrangements. All other requests for relief in Intervenor's motion are denied.

The May 18 order pertained to intervenors' visitation time with the child. Intervenors' motion raised the issue of changing the visitation. The trial court was not required to modify the decree only as requested, but should make modifications in the best interest of the child. *Rumbolo v. Phelps*, 759 S.W.2d 894, 895 (Mo.App.1988). The parties were given an opportunity to be present at a hearing at which the trial court apparently heard their contentions and thereafter ruled.

The order complained of is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.