Paul **BRYANT** and Gloria R. Reynolds, Carol E. Whitaker, Tracy Scott Reynolds, Ramona L. Kindrick and Debra J. Reynolds, Plaintiffs–Respondents,

v.

**CARTER COUNTY**, Missouri, and Commissioners, Eddie Ballard, Lynn Murdick, and Gene Oakley, Defendants–Appellants.

No. SD 29230.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 23, 2009.

Motion for Rehearing or Transfer
Denied March 10, 2009.

Ivan L. Schraeder, Corey L. Franklin, St. Louis, MO, Ernie J. Richardson, Van Buren, MO, for appellants.

Devin S. Kirby, Derrick S. Kirby, Doniphan, MO, for respondents.

NANCY STEFFEN RAHMEYER, Judge.

■ Judgment was entered on March 21, 2008, and Defendants–Appellants timely filed a Motion for a New Trial. Ninety days from the date of the motion was July 10, 2008. A docket entry reflects the following:

"7/10/2008 Order
Court reviews Motion for New Trial and hereby sustains said motion. Clerk to notify counsel. So Ordered. MLR.
Date changed by order of Nunc Pro Tunc order of Judge Richardson on July 21, 2008.
21-Jul-2008 Nunc Pro Tunc Order."

The docket entry of July 21, 2008, states:

"Nunc Pro Tunc Order

Court enters nunc pro tunc order to correct the scrivener's error dating said order 7/11/08 to be changed to 7/10/2008. Clerk to notify counsel. So Ordered. MLR."

Defendants–Appellants brought this appeal challenging the March 21, 2008 Judgment "because they were not sure of the effect of the Nunc Pro Tunc order on the status of the corrected docket entry sustaining the Defendants' Motion for a New Trial."

■ We dismiss the appeal and find the order setting aside the Judgment was timely granted by the trial court on July 10, 2008. A *nunc pro tunc* order is "intended to correct a scrivener's error or some other error in properly recording what the judge actually did." *State ex rel. Poucher v. Vincent,* 258 S.W.3d 62, 65 (Mo. banc 2008). The trial court indicated in its July 21, 2008 Order that a scrivener's error occurred when the order was dated July 11, 2008, rather than July 10, 2008.

If the trial judge rendered the decision on [the date], as he indicated in the order and docket sheet, then its validity is not affected by a delay of the court clerk in entering it into the court records, if such occurred.

There is a distinction between the judicial act of rendering a judgment or an order and the ministerial act of entering it upon the record.

*Tice v. Tice,* 850 S.W.2d 419, 420 (Mo.App. S.D.1993) (internal citations omitted).

In *Tice,* the docket entry reflected that an order of the court was filed four days after the court lost jurisdiction to amend a judgment. *Tice,* 850 S.W.2d at 420. The order, however, stated that it was entered on the last date the court had jurisdiction. *Id.* This Court found that "[a]bsent some specific showing to the contrary, we must presume that the document was entered on the date it recites, particularly where, as here it is confirmed by the docket sheet." *Id.* at 421.

Here, we have the trial court's specific order, which states that it was a scrivener's error dating the order July 11, 2008, rather than July 10, 2008. We take that to mean that the order was actually entered on July 10, 2008, and not on July 11, 2008, thus, the order granting a new trial was

timely. The Judgment of March 21, 2008, is no longer a valid judgment; the appeal from that Judgment is dismissed.

PARRISH, J., and BURRELL, P.J., concur.