Terrance HARDY, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 72290.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 2, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1998.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Judge.

Terrance Hardy (Movant) appeals from the judgment denying his motion for post-conviction relief pursuant to Rule 24.035. We vacate the court's judgment and remand for dismissal.

On April 29, 1994, Movant pleaded guilty to deviate first degree sexual assault in violation of section 566.070, RSMo 1994 [1] (Count I), two counts of abuse of a child in violation of section 568.060 (Counts II and III), and one count of sexual misconduct in violation of section 566.090 (Count IV). Sentencing was deferred until June 10, 1994 for a pre-sentence investigation. At sentencing, the trial court sentenced Movant to a term of seven years of imprisonment for Count I, but suspended execution of that sentence and placed Movant on probation for five years. Regarding the remaining three counts, Counts II, III, and IV, the trial court suspended imposition of sentence and again imposed a probation period of five years. On May 3, 1996, the trial court revoked Movant's probation on all four counts. The court executed his seven year sentence for Count I. Movant was then sentenced to seven years each for Counts II and III and one year for Count IV. The trial court ordered all the sentences to be served concurrently. Movant then filed a Rule 24.035 motion for post-conviction relief. Movant appeals the judgment denying that motion after an evidentiary hearing.

█ In response to Movant's appeal, the State contends that Movant waived his claims because his Rule 24.035 motion was not timely filed. The State first raises the issue of lack of timeliness on appeal in its Respondent's brief. However, the issue of timeliness is jurisdictional and may be raised for the first time on appeal. *Marschke v. State,*

---

1. All statutory citations are to RSMo 1994, unless otherwise noted.

946 S.W.2d 10, 11 (Mo.App. W.D.1997); *Whitby v. State*, 930 S.W.2d 68, 69 (Mo.App. E.D.1996).

■ A Rule 24.035 motion must be filed within 90 days after a defendant is physically delivered to the Missouri Department of Corrections. Rule 24.035(b). The time limits of Rule 24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). Failure to file a timely motion constitutes a complete waiver of any right to proceed under the rule. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

■ Movant filed his *pro se* Rule 24.035 motion on August 9, 1996. In both his *pro se* and amended motion, Movant alleged he was delivered to the Department of Corrections on May 9, 1996. Ninety days from May 9, 1996 is August 7, 1996. Therefore, Movant's *pro se* motion was not timely filed and he waived his right to proceed under Rule 24.035.

Because Movant waived his right to proceed under Rule 24.035, the motion court improvidently considered the merits of his motion. Therefore, the judgment is vacated and remanded for dismissal of the motion under Rule 24.035. *Smith v. State*, 798 S.W.2d 152, 153 (Mo. banc 1990).

CRANE, P.J., and RHODES RUSSELL, J., concur.