Jovon GRIHAM, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. ED 75649.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 28, 1999.

1. All statutory citations are to RSMo 1994 unless otherwise indicated.

Lisa M. Stroup, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Wade Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, Jr., J., and SHERRI B. SULLIVAN, J.

PER CURIAM.

Movant, Jovon Griham, appeals from the order of the Circuit Court of St. Louis City

1. All statutory references are to RSMo (1994).

denying his Rule 24.035 motion for post-conviction relief. We vacate the order of the motion court and remand with directions to dismiss the motion as untimely filed.

On November 3, 1997, movant pleaded guilty to one count of second-degree murder, Section 565.021 RSMo (1994)[1], one count of first-degree assault, Section 565.050, one count of first-degree robbery, Section 569.020, and two counts of armed criminal action, Section 571.015. The sentencing court sentenced movant to terms of twenty-five years imprisonment for murder, fifteen years imprisonment for assault, and twenty-five years imprisonment on each count of armed criminal action, the sentences to be served concurrently. Movant was then delivered into the custody of the Missouri Department of Corrections to serve his sentence. Movant filed a pro se Rule 24.035 motion and appointed counsel subsequently filed a first amended Rule 24.035 motion. The motion court denied movant's first amended motion without an evidentiary hearing. Movant appeals from the order denying his first amended Rule 24.035 motion without a hearing. We need not address the merits of movant's appeal because his original pro se motion was untimely filed and must be dismissed.

Although the parties did not do so, we must sua sponte address the question of jurisdiction. *Nolan v. State*, 959 S.W.2d 939, 940 (Mo.App.1998). When no appeal from the judgment sought to be vacated, set aside or corrected is filed, a Rule 24.035 motion must be filed within 90 days after a defendant is physically delivered to the Missouri Department of Corrections. Rule 24.035(b). This time limit is mandatory and represents a strict guideline for the filing of post-conviction motions. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). Movant carries the burden of pleading and proving the timeliness of his motion. *Martin v.*

**390**

*State,* 895 S.W.2d 602, 604 (Mo.App.1995). A movant's failure to plead and prove a timely motion constitutes waiver of any right to proceed under the rule. *Day v. State,* 770 S.W.2d 692, 696 (Mo. banc), *cert. denied sub nom. Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

In his pro se motion, movant stated that he did not directly appeal from the judgment of conviction and that he was delivered in to the custody of the Missouri Department of Corrections on November 12, 1997. Therefore, movant was required to file his pro se post-conviction motion no later than February 10, 1998.

In an introductory paragraph preceding its findings of fact, conclusions of law, and order, the motion court recited that "movant's pro se motion in the present cause was received by the Circuit Clerk for this Court on February 6, 1998." However, nothing in the record supports the court's determination. The file stamp on his motion and the court's minute entry show that movant's pro se motion was filed on February 20, 1998. The Circuit Clerk sent movant a letter, dated February 20, 1998, acknowledging that movant's post-conviction motion was received and filed on February 20, 1998. In his brief on appeal, movant states that his pro se motion was filed on February 20, 1998.

Movant's pro se motion filed on February 20, 1998 was untimely. By failing to meet the scheduled deadline, movant waived any right to proceed under the post-conviction rule. Because movant failed to plead and prove the timeliness of his motion, the motion court should have dismissed it.

We therefore vacate and remand the case to the motion court for dismissal. *See Smith v. State,* 798 S.W.2d 152, 153–54 (Mo. banc 1990).