Robert JONES, Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 75944.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 21, 1999.

S. Page Canfield, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

SHERRI B. SULLIVAN, Judge.

On May 21, 1996, Robert Jones (Movant) pleaded guilty to second degree robbery, felonious restraint, second degree burglary and third degree assault, in violation of sections 569.030, 565.120, 569.170, and 565.070, RSMo 1994, respectively. The charges arose out of incidents associated with his former paramour. At that time, the trial court suspended imposition of Movant's sentence and placed him on probation. The court imposed several special conditions of his probation, including payment of restitution to the victim and no contact at all with the victim or her family.

On May 18, 1998, the trial court revoked Movant's probation for failing to report, failing to pay restitution to the victim, and failing to stay away from the victim. The court sentenced him to five years each for second degree robbery, felonious restraint and second degree burglary and one year for third degree assault. The court ordered the sentences to be served concurrently.

Movant filed a Rule 24.035 motion, which was amended by his appointed counsel. The court denied Movant's motion without a hearing and issued findings of fact and conclusions of law. Movant now appeals.

On appeal, Movant contends the motion court should have provided a hearing on his claim that his sentencing counsel was ineffective for failing to meet with him prior to the probation revocation hearing and exploring sentencing options.

█ In response, the State first contends Movant's Rule 24.035 motion was not timely filed. The State raises the issue of lack of timeliness for the first time on appeal in its Respondent's brief. However, the issue of timeliness is jurisdictional and may be raised for the first time on appeal. *Gladden v. State*, 966 S.W.2d 314, 315 (Mo.App. E.D.1998).

In Movant's case, his 24.035 motion must have been filed within 90 days after he was physically delivered to the Missouri Department of Corrections. Rule 24.035(b). In both his *pro se* and amended motions, Movant alleged he was delivered to the Department of Corrections on May 19, 1998. Therefore, Movant should have filed his 24.035 motion within 90 days of May 19, 1998, or by August 17, 1998.

█ While Movant's case was not file stamped by the Circuit Clerk's office until August 20, 1998, the record supports a conclusion that the Circuit Clerk's office received the motion on August 11, 1998. Movant filed a copy of the certified mail receipt showing the Circuit Clerk's office received his motion on August 11, 1998. A post-conviction relief motion is deemed filed when it is lodged in the circuit clerk's office. *See, State v. Spicuzza*, 806 S.W.2d 719, 722 (Mo.App. E.D.1991). Therefore, Movant satisfied his burden of showing his motion was timely filed and we review the merits of Movant's point on appeal.[1]

█ Our review is limited to determining if the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Nunley*, 980 S.W.2d 290, 291–92 (Mo. banc 1998).

█ To be entitled to a hearing, Movant must: (1) cite facts, not conclusions, which would warrant relief; (2) show the factual allegations are not refuted by the record; and (3) prove he was prejudiced

---

1. The State has also alleged in its brief that the record suggests Movant initially received a 120–day shock incarceration before being placed on probation in 1996. The State refers to an isolated reference made by the trial court during sentencing, which may or may not support this inference. However, there is nothing else in the record which supports a finding that Movant was delivered to the Missouri Department of Corrections on any other date other than that alleged by Movant May 19, 1998. Certainly, the State offered no evidence to the motion court of any other date.

by the factual allegations. *Moore v. State,* 974 S.W.2d 658, 659 (Mo.App. E.D.1998). Further, if the files and records conclusively show Movant is entitled to no relief, then a hearing shall not be held. Rule 24.035(h). To receive a hearing on claims of failure to investigate, a movant must specifically allege the information his attorney failed to discover, that a reasonable investigation would have revealed it, and how the information would have aided his position. *January v. State,* 908 S.W.2d 169, 170 (Mo.App. E.D.1995).

■ The motion court denied Movant's point on appeal, concluding Movant had failed to make sufficient allegations and further, his motion was refuted by the record. This determination is not clearly erroneous. In his motion, Movant failed to allege facts, not conclusions, which would warrant relief. Instead, Movant made only conclusory allegations. He alleged simply that his sentencing counsel "failed to explore sentencing options such as 120 day shock incarceration or a halfway house in lieu of actual incarceration. Movant was prejudiced because he had been employed and out of trouble, but merely failed to report and had contact with the victim in violation of the terms of his probation." Movant's claim that he was prejudiced because he had been employed and out of trouble is directly refuted by the record. The transcript indicates that the court was aware that Movant was employed. In addition, his probation officer's testimony indicates that he had been arrested on November 7, 1996, for third degree assault, felony stealing and other charges. Movant has failed to allege any additional information that his attorney could have raised which would have supported a basis for alternative sentencing.

Furthermore, his sentencing counsel did argue that the court should consider giving Movant probation. Counsel argued:

Because Mr. Jones has not picked up any new cases in the last three years and although the Court has taken judicial notice of Ms. Chavers' testimony, none of those cases were issued. Your Honor, he is working full-time, he would be able to complete – continue his work at Barnes Hospital if he would get 120 days.

The sentencing court rejected counsel's request for probation, stating that Movant was not unfamiliar to the court, he had an extensive arrest history, was a prior and persistent offender, and had threatened and caused bodily harm to his former paramour. The court concluded that there was nothing in the file to support probation or "that 120 days will do anything but delay the inevitable." Movant points to no specific facts which should have been considered by the court and would have caused it to change its sentence. He also fails to point to any specific evidence his counsel would have discovered if she had met with him prior to the hearing.

We conclude the motion court did not clearly err in denying Movant's motion for post-conviction relief. Judgment affirmed.