**Thomas W. LEFTRIDGE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 57383.**

Missouri Court of Appeals, Western District.

Submitted Dec. 10, 1999.

Decided April 18, 2000.

Stephen M. Patton, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, for Respondent.

Before JAMES M. SMART, P.J.; JOSEPH M. ELLIS and EDWIN H. SMITH, JJ.

JAMES M. SMART, Jr., Judge.

Thomas W. Leftridge appeals the motion court's denial of his Rule 24.035 motion for post-conviction relief. Leftridge pled guilty to possession of a controlled substance with intent to distribute, § 195.211, RSMo 1994, and possession of a controlled substance, § 195.211, RSMo, 1994. On October 1, 1998, Leftridge was sentenced to consecutive terms of seven years and three years, respectively, imposed consecutively to a previous five-year sentence. He was delivered to the Missouri Department of Corrections on October 13, 1998. On January 25, 1999, Leftridge filed a Rule 24.035 motion for post-conviction relief. Appointed counsel filed an amended motion on May 14, 1999. The motion court denied Leftridge's motion on its merits without an evidentiary hearing.

Leftridge contends that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because plea counsel failed to act as a reasonably competent attorney by leading Leftridge to believe that his sentences would run concurrently, not consecutively.

The state argues that the motion court was without jurisdiction to grant any relief to Leftridge because Leftridge's motion was untimely. Leftridge concedes that his motion was untimely, but points out that the state did not file a motion to dismiss and the trial court did not overrule his motion on this ground. He apparently believes that the time factor is no longer an issue and that he is "appealing the Court's judgment on the merits."

■ Even though the state raises the issue of the timeliness of Leftridge's motion for the first time on appeal, this issue is considered jurisdictional and must be addressed. *Hall v. State*, 992 S.W.2d 895, 897 (Mo.App.1999); *Lawrence v. State*, 980 S.W.2d 135 (Mo.App.1998); *Hardy v. State*, 974 S.W.2d 533 (Mo.App.1998). A Rule 24.035 motion must be filed within ninety days after a defendant is delivered to the custody of the Missouri Department of Corrections. Rule 24.035(b). The time limits of Rule 24.035 are mandatory and the failure to file a motion within the prescribed time bars a movant from seeking relief. *Thomas v. State*, 808 S.W.2d 364, 365 (Mo. banc 1991).

Leftridge was delivered to the Department of Corrections on October 13, 1998. Leftridge's Rule 24.035 motion was filed January 25, 1999, well past the ninety-day deadline. Although the motion court denied Leftridge's motion on its merits, it erred in considering the motion at all. The motion was untimely. Thus, the trial court lacked jurisdiction to consider it. Likewise, this court lacks jurisdiction over the merits.

Therefore, we remand the case to the motion court with directions to enter an order dismissing Leftridge's Rule 24.035 motion as being untimely filed.

ELLIS and EDWIN H. SMITH, JJ., concur.