**Brian BROWDER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 57774.**

Missouri Court of Appeals,
Western District.

May 16, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

■ Brian Browder appeals the circuit court's judgment to dismiss his motion for postconviction relief because it did not satisfy the filing deadline of Rule 24.035. He challenges the deadline as unconstitutional because the rule makes no provision for late filing of a postconviction motion for good cause shown. We affirm the circuit court's judgment. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom., Walker v. State*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989) (holding time limits of Rule 24.035 to be valid and mandatory).

■ In response to Browder's appeal, the state asks for sanctions against Browder for the filing of a frivolous appeal. This court's recent decision in *Martin v. State*, WD 54915, slip op., 2000 WL 342133 (Mo.App. April 4, 2000) dealt with the issue of when sanctions will be ordered in postconviction appeals. In that case, we held that a frivolous argument is one that is "so clearly and facially without a rational argument based in law, or is otherwise so clearly and facially untenable that it has no prospect of success." *Id.* slip op at 28. We also set forth the procedure that counsel should follow if he or she, after reviewing the legal file and transcripts, finds no arguable claims in the case but the client wishes to proceed with the appeal. *Id.* slip op at 25–26.

■ Browder's appeal in this case had absolutely no prospect of success and was frivolous. Missouri courts have repeatedly, and without exception, made abundantly clear that the time limits set forth in the postconviction rules are valid and mandatory. *State v. Roll*, 942 S.W.2d 370, 374 (Mo. banc), *cert. denied*, 522 U.S. 954, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997); *State v. Parker*, 886 S.W.2d 908, 929 (Mo. banc 1994), *cert. denied*, 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995); *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *State v. Twenter*, 818 S.W.2d 628, 644 (Mo. banc 1991); *State v. Six*, 805 S.W.2d 159, 169–70 (Mo. banc), *cert. denied*, 502 U.S. 871, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991); *Day v. State*, 770 S.W.2d at 695. The time limitations expressed in Rules 24.035 and 29.15 have withstood constitutional challenge, *Curl v. State*, 873 S.W.2d 655, 656 (Mo.App.1994), even though the rules make no provision for late filing if good cause is shown, *Marschke v. State*, 946 S.W.2d 10, 12 (Mo. App.1997), or for excusable neglect. *Cowans v. State*, 778 S.W.2d 758, 762 (Mo. App.1989). *See also Nimrod v. State*, 14 S.W.3d 103 (Mo.App.2000).

■ Because, however, counsel in this case did not have the benefit of this court's instructions in *Martin* before filing the appeal and the briefs in this case, we will not sanction Browder or his attorney for filing a frivolous appeal. We will assume, however, that, in subsequent appeals of rulings on postconviction motions, both the client and his or her attorney will be fully aware of our holding in *Martin* and the implications of that decision and will proceed accordingly.

We affirm the circuit court's judgment.

JOSEPH M. ELLIS, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.