Blake ANDERSON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 78320.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 23, 2001.

Rehearing Denied March 29, 2001.

Ellen H. Flottman, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Judge.

On May 6, 1999, Blake Anderson (Movant) pleaded guilty to sale of a controlled substance near a school in violation of section 195.214, RSMo Cum.Supp.1999. The trial court sentenced him to ten years of imprisonment. Movant filed a Rule 24.035 motion for post-conviction relief, which appointed counsel amended. Movant appeals the judgment denying that motion without a hearing.

■ On appeal, Movant asserts he should have received a hearing on his claim that his counsel was ineffective for failing to investigate his various mental disorders. In response, the State contends Movant's *pro se* Rule 24.035 motion was untimely. The State first raises the issue of lack of timeliness on appeal in its Respondent's brief and the motion court did not consider it. However, the issue of timeliness is jurisdictional and may be raised for the first time on appeal. *Gladden v. State,* 966 S.W.2d 314, 315 (Mo.App. E.D.1998).

■ A Rule 24.035 motion must be filed within 90 days after a defendant is physically delivered to the Missouri Department of Corrections. Rule 24.035(b). Movant filed his *pro se* Rule 24.035 motion on August 12, 1999. In his motion, Movant alleged he was delivered to the Department of Corrections on May 10, 1999. As a result, Movant filed his motion outside the time limits set forth in subsection (b) of Rule 24.035.

■ In his reply brief, Movant concedes he filed his *pro se* motion out of time. He argues that the time limits of Rule 24.035 are unconstitutional. The Missouri Supreme Court has repeatedly held that the time limits of Rule 24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992); *Day v. State,* 770 S.W.2d 692, 696 (Mo. banc 1989). Failure to file a timely motion constitutes a complete waiver of any right to proceed under the rule. *Id.* at 695.

The motion court considered the merits of Movant's motion. Under these circum-

stances, we must vacate the motion court's judgment and remand this matter for dismissal of the motion under Rule 24.035(b). *See, Hardy v. State*, 974 S.W.2d 533, 534 (Mo.App. E.D.1998).

Vacated and remanded.

AHRENS, P.J. and CRANDALL, J., concurs.