**Jamel R. SUMMERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 58905.**

Missouri Court of Appeals,
Western District.

May 7, 2001.

Susan L. Hogan, Appellate Defender, Kansas City, MO, Attorney for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen. Jefferson City, MO, Attorneys for Respondent.

Before EDWIN H. SMITH, P.J., and SMART and HOWARD, JJ.

HOWARD, Judge.

Jamel R. Summers appeals from the denial of his Rule 29.15 motion for postconviction relief. In his sole point on appeal, Summers contends the motion court clearly erred in overruling and dismissing his Rule 29.15 motion as untimely filed. Summers contends that this court issued its mandate on March 27, 2000, and he filed his pro se motion on May 31, 2000, sixty-five days after this court's mandate, within the time limit set forth in Rule 29.15(b).

We reverse and remand.

## Facts

On June 18, 1998, following a jury trial, Jamel Summers was convicted of one count of robbery in the first degree, § 569.020,[1] one count of assault in the first degree, § 565.050, and two counts of armed criminal action, § 571.015. On July 16, 1998, the court sentenced Summers to thirty years in prison for robbery, thirty years for assault, and twenty years for each of the armed criminal action counts.

Summers filed a timely notice of appeal on July 23, 1998. This court affirmed Summers' convictions and sentences on November 30, 1999. This court issued its mandate on March 27, 2000.

Summers filed a pro se Rule 29.15 motion on May 31, 2000, sixty-five days after this court issued its mandate in the direct appeal. The motion was submitted on a copy of Criminal Procedure Form No. 40, and Summers completed and signed the Forma Pauperis Affidavit section of the

form. In his pro se motion, Summers erroneously stated that this court issued its mandate on November 30, 1999, the date the court issued its opinion affirming Summers' convictions and sentences.

On June 22, 2000, the motion court issued its judgment overruling Summers' Rule 29.15 motion, without appointing counsel. The motion court found that this court issued its mandate affirming Summers' convictions on November 30, 1999, and that under Rule 29.15(b), Summers' motion was untimely. This appeal follows.

## Argument

■ In his sole point on appeal, Summers contends the motion court clearly erred in overruling and dismissing his Rule 29.15 motion as untimely filed. Summers contends that this court issued its mandate on March 27, 2000, and he filed his pro se motion on May 31, 2000, sixty-five days after this court's mandate, within the time limit set forth in Rule 29.15(b).

■ Our review of the denial of Summers' motion for postconviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc 1992); Rule 29.15(k). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Leisure,* 828 S.W.2d at 874; Rule 29.15(k).

Rule 29.15(b) provides, in relevant part, that "[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court is issued affirming such judgment or sentence." The rule further provides that "[f]ailure to

---

1. All statutory references are to RSMo 1994.

file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15."

Rule 29.15(e) provides, in relevant part, as follows:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims.

The State concedes that Summers' Rule 29.15 motion was filed within the time frame required by Rule 29.15(b). The State requests that we reverse the judgment of the motion court and remand the case for appointment of counsel and for further proceedings under Rule 29.15. The State's motion is granted to the extent it requests that the case be reversed and remanded for further proceedings under Rule 29.15, and it is denied to the extent that it requests this court mandate appointment of counsel on remand.

The judgment of the motion court is reversed and remanded for a determination of whether Summers should be appointed counsel under Rule 29.15(e), and for further proceedings under Rule 29.15.

EDWIN H. SMITH, P.J., and SMART, J., concur.