Mark E. BROOM, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 61853.

Missouri Court of Appeals,
Western District.

Aug. 5, 2003.

Ruth Sanders, Andrew Schroeder, KCMO, for appellant.

John M. Morris, III, Evan J. Buchheim, Jefferson City, MO, for respondent.

Before ELLIS, C.J., LOWENSTEIN and ULRICH, JJ.

HAROLD L. LOWENSTEIN, Judge.

Mark Broom appeals from the trial court's dismissal of his Rule 29.15 motion as being untimely filed. Broom argues that the court erred in dismissing his appeal because the motion was received by the clerk of the court on November 30, 2000, within the applicable time. The judgment is reversed.

### STATEMENT OF FACTS

On March 26, 1998, Broom was convicted of one count of first degree murder, Section 565.020,[1] one count of first degree assault, Section 565.050, and two counts of armed criminal action, Section 571.015. He was sentenced to life imprisonment without the possibility of parole for first degree murder, and three consecutive thirty-year sentences for each of the remain-

---

**1.** All statutory references are to the Revised Statutes of Missouri 1994, unless otherwise    indicated

ing counts. This court affirmed his conviction and issued its mandate on September 2, 2000.

On November 27, 2000, Broom sent an envelope via certified mail return receipt requested, purportedly containing his *pro se* motion for post-conviction relief under Rule 29.15, to the Jackson County Circuit Clerk. The return receipt was marked as received on November 30, 2000, and signed by a person in the clerk's office

In March 2001, Broom sent a letter inquiring about the status his Rule 29.15 motion. On March 19, 2001, the Director of Civil Records responded stating the office staff had not been able to locate any paperwork. The director asked that, if Jackson County was the proper jurisdiction, a copy of his pleading should be provided. Following another letter by Broom, the director on April 23, 2001, indicated that upon receipt of a copy of his petition, or of "a new original," the office would present his documents to the judge for consideration to file stamp the petition "in" on November 27, 2000.[2] Broom then mailed a copy of his *pro se* motion to the clerk's office, writing on the envelope "Do Not File Stamp Petition To Be Held For Judge's Consideration to File Stamp Petition on 11–27–2000." Nonetheless, the copy received in the office was file-stamped "June 6, 2001."

Subsequently, the trial court appointed counsel for Broom, who then filed an amended petition on September 17, 2001. The State filed a motion to dismiss the petition claiming that it was untimely.[3] On November 9, 2001, the court sustained the State's "unopposed" motion to dismiss.

Broom's counsel, however, had not received notice of the motion, as it was sent to an address from which counsel had moved two years earlier. Broom's counsel then filed a motion to set aside the judgment. The State once again filed a motion to dismiss.[4] On March 8, 2002, the trial court issued an order overruling Broom's motion to set aside the court's November 2001 judgment dismissing the petition. The court stated it had "no choice" but to find the petition to have been filed on the stamped dated of "June 6, 2001." This appeal follows.

### STANDARD OF REVIEW

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Summers v. State,* 43 S.W.3d 893, 894 (Mo.App.2001); Rule 29.15(k). "The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, [this court is] left with the definite and firm impression that a mistake has been made." *Id.*

### ANALYSIS

Broom's sole point on appeal is that the motion court erred in dismissing his Rule 29.15 motion as untimely because he filed the motion within ninety days of this court's mandate in his direct appeal. Rule 29.15(b) contains time limits for the filing of a motion for post-conviction relief. This rule state, in part:

**2.** Broom acknowledges in his brief that the actual file-stamped date would have been November 30, the date of receipt.

**3.** The State's motion incorrectly referred to Broom's motion as seeking relief under Rule 24.035.

**4.** This time the motion referred to the petition as being pursuant to Rule 29.15.

If an appeal of the judgment to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court is issued.

These time limits have been repeatedly held as valid and mandatory. *Browder v. State*, 18 S.W.3d 510, 511 (Mo.App.2000). Important in this court's analysis of Broom's claim is when his motion was filed. A document is "filed" when it "is delivered to the proper officer and lodged in his office." *Lewis v. State*, 845 S.W.2d 137, 138 (Mo.App.1993). Further, "[a] post-conviction motion is considered filed when deposited with the circuit court clerk, ... and lodged in the clerk's office[.]" *Id.* In determining the timeliness of filing, the date of *receipt* is crucial. *Id.* (emphasis added). "Once the document is delivered, the person filing the document is not responsible for the disposition of the document by the clerk's office." *Id.* Because the date of filing determines the timeliness of the motion, courts have routinely rejected applying a mailbox rule to determine when motions are filed. *Shields v. State*, 87 S.W.3d 355, 357 (Mo.App.2002). As the movant, Broom bears the burden of proving the timeliness of his motion for post-conviction relief. *Griham v. State*, 3 S.W.3d 388, 389 (Mo.App.1999).

Here, Broom mailed a document, via certified mail return receipt requested, to the clerk's office on November 27, 2000. The clerk's office signed for the document on November 30, 2000. After that, the envelope and the document were, evidently, lost. Four months later, Broom inquired about the motion and learned that there was no record of receiving the motion. He subsequently filed the *pro se* motion, believing that the court would consider whether the motion would be filed stamped with the November 2000 date. After counsel was appointed by the court, an amended motion was filed that asserted that the motion was timely filed and included a copy of the certified mail receipt indicated that the date of delivery as "11–30–00."

The Eastern District considered a similar fact scenario in *Jones v. State*, 24 S.W.3d 701, 703 (Mo.App.1999). There the motion was file stamped by the clerk's office on August 20, 1998, after the 90–day time limit. *Id.* The movant, however, filed a copy of the certified mail receipt showing that the motion was actually received on August 11, 1998, well within the time required under the rules. *Id.* The Eastern District held the following:

> [T]he record supports a conclusion that the Circuit Clerk's office received the motion on August 11, 1998. Movant filed a copy of the certified mail receipt showing the Circuit Clerk's office received his motion on August 11, 1998.... Therefore, Movant satisfied his burden of showing his motion was timely filed....

*Id.*

■ While *Jones* supports Broom's claim that his certified mail receipt can be used as evidence of the date of filing, there is one factual difference in the present case. Here, unlike in *Jones*, the original motion is not present. Although the court in *Jones* did not rely specifically on the fact that it was found in determining the timeliness of the filing, the State believes that this fact is crucial. Likewise, the motion court found, in essence, that because Broom could not establish, and the certified receipt does not reflect, that the motion was actually contained in the packet received by the clerk, he has failed to meet his burden of establishing that the motion was timely filed, or in this case, filed at all.

Two principles are at conflict in this case: Broom's burden of establishing time-

liness, and the principle that once a document is filed the person filing it is not responsible for the disposition of that document. The State claims that Broom did not go far enough to establish that the document was included in the packet. It claims that Broom should have filed an affidavit stating that the motion was actually in the packet. While, arguably, implicit in Broom's burden of proving timeliness is the requirement that he show that the motion was actually filed, the State is placing the blame on the loss of the documents and the burden of establishing their existence on Broom. This court does not believe that that is proper once an individual has "filed" the documents. The error or mistake was that of the clerk's office not Broom's.

While filing an affidavit specifically stating that the Rule 29.15 motion was contained in the envelope may have supported his position, this court does not consider his failure to do so fatal to Broom's position. The State cites several cases to support its position that Broom's bare assertions or lack of evidence of the motion's existence is insufficient to establish his burden that the motion was timely filed. Those cases, however, all involve the mailbox rule or an attempt to establish that the motion should have been received at an earlier date. In any event, the trial court could have chosen to not believe the contents or conclusions of Broom's affidavit about enclosing his Rule 29.15 petition in the November 27, 2000 envelope. Although it may have been the better practice to have supported his motion to set aside the dismissal with an affidavit, under these facts such a failure is not dispositive.

For example, in *Shields v. State*, 87 S.W.3d 355, 356 (Mo.App.2002), the movant prepared a *pro se* motion, signed on February 8, 2001, and had it notarized later that day. He then gave the envelope to a corrections officer who placed the envelope in the prison mailbag. *Id.* The movant and three other inmates witnessed this occur. *Id.* The envelope was not filed stamped by the clerk's office until February 20, which was well after the ninety-day deadline of February 13. *Id.* In appealing the dismissal of his motion, the movant, there, claimed that he had witnesses that could have established that the motion was mailed on February 8. *Id.* at 357. While he recognized that Missouri did not recognize the mailbox rule, he requested a hearing to determine the reasons why it took almost two weeks for the circuit clerk's office to filed stamp the motion.

The court in *Shields*, recognized that his assertions that there were witnesses to the mailings were "nothing more than 'bare allegations.'" *Id.* (quoting *Goodson v. State*, 978 S.W.2d 363, 365 (Mo.App.1998)). Citing *Goodson v. State*, 978 S.W.2d 363, 365 (Mo.App.1998), the court in *Shields* noted that "'bare allegations' . . . . are not evidence that can be considered in determining whether the trial court's action was clearly erroneous." *Shields*, 87 S.W.3d at 357. Thus, the court noted that the movant's claim failed because he had failed to procure affidavits from the alleged witnesses that would have constituted evidence. *Id.* More importantly, however, the court noted that "in Missouri it is the date of filing, not the date of mailing, which controls." *Id.* Existing rules and laws do not provide for relief to a prisoner whose motions were delayed by third-party intervention. *Id.* Thus, the Eastern District was compelled to follow, as was the motion court, controlling authority on the issue. *Id.* at 358.

Nonetheless, the Eastern District was troubled by the result in *Shields v. State*, 87 S.W.3d 355, 358 (Mo.App.2002), questioning whether justice was served under the circumstances. Yet, the repeated re-

jection of the mailbox rule limited its ability to find otherwise. Here, however, this court is not confronted with the incongruities resulting from application of the mailbox rule. While there was obviously third-party intervention in this case, it is not the same intervention that occurred in *Shields*.

Here, clearly something was delivered to the court on November 30, 2000. As reflected on the certified mail receipt, the postage was $2.09, indicated that something was in the envelope that was received. Also, the receipt shows the date of delivery. There is evidence that Broom subsequently inquired regarding the status of his Rule 29.15 motion, only to find that it had been lost or there was not record of it having been received.[5] Broom further attempted to protect or establish the timeliness of his motion by noting on the envelope of a subsequently filed copy, that the petition was to be held, and not filed stamped, for consideration of his claim that it had been filed earlier. This, apparently, was not done. In fact, the office put the June 6, 2001 date on the motion, which date was clearly untimely, and then it was presented to the court.

The fact that Broom cannot establish the contents of the envelope is the result of the loss or misplacement by the clerk's office. Once the documents were delivered to and received by the clerk's office, Broom's responsibility for their existence ceased. *See Lewis*, 845 S.W.2d at 138. To say that he should have indicated on the certified mail receipt precisely what was contained in the envelope is asking him to have done something that is not normally done (e.g., there is no specific place to indicate the contents on the receipt itself) or is expecting him to anticipate the loss of the document *after* delivery, which was no

fault of his own. Here, the certified mail receipt is competent evidence of the date of delivery. *See Jones,* 24 S.W.3d at 703. The motion court's dismissal of Broom's Rule 29.15 motion punished him for an error or mistake committed by the clerk's office in misplacing the contents of the original envelope. This is clearly erroneous.

The judgment of the trial court dismissing Broom's Rule 29.15 motion is reversed and remanded.

All concur.

---

5. In its brief, the State appears to suggest that Broom's waiting four months to inquire was an unreasonable amount of time if one were to assume that the motion was actually filed in November. This court does not agree with this assertion.