**Darryl JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 82813.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 2003.

S. Kristina Starke, Assistant Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Eaton, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Darryl Johnson ("movant"), appeals the judgment of the Circuit Court of the City of St. Louis dismissing his Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. Movant seeks to vacate his convictions for assault in the first-degree, section 565.050 RSMo 2000,[2] and armed criminal action, section 571.015. Movant was sentenced to concurrent terms of twenty years and three years imprisonment, respectively. We reverse and remand.

On January 16, 2001, movant pled guilty to assault in the first degree, armed criminal action, and violation of an order of

---

**1.** All Rule references are to Missouri Court Rules (2000).

**2.** All statutory references are to RSMo 2000.

protection[3] in the Circuit Court of the City of St. Louis. On March 26, 2001, movant filed a notice of appeal with this court. Movant's appeal was dismissed by a mandate dated June 1, 2001. On June 21, 2001, movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief. Movant was not appointed counsel and no judicial proceedings were held regarding this motion. On August 15, 2002, movant refiled the same *pro se* 24.035 motion and attached a second *pro se* motion. In the second motion, movant stated "[t]his is the second motion I have filed, I never received any response from my original motion which was filed June 19, 2001. Never was appointed a public defender."

The motion court appointed counsel to represent movant on January 29, 2003. However, on March 5, 2003, the motion court dismissed movant's 24.035 motion as untimely filed, stating that "[t]he files in this case clearly show that the motion was filed out of time."

 Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). Findings of fact and conclusions of law are clearly erroneous if, after a review of the record, we are left with the definite and firm impression that a mistake has been made. *Bucklew v. State*, 38 S.W.3d 395, 397 (Mo. banc 2001).

In his only point on appeal, movant argues the motion court clearly erred in dismissing his Rule 24.035 motion because he did timely file the motion.

The state correctly concedes that the motion court erred in dismissing movant's Rule 24.035 motion.

 "If an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Rule 24.035(b). A post-conviction relief motion is considered filed when it is lodged in the circuit clerk's office. *Jones v. State*, 24 S.W.3d 701, 703 (Mo.App. E.D.1999).

In this case, movant's appeal was dismissed by this court on June 1, 2001. Movant then timely filed his *pro se* Rule 24.035 motion on June 21, 2001. The legal file supports movant's contention that he did file his Rule 24.035 on this date. First, the docket sheet has an entry for June 21, 2001, which states "Motion (1) Filed." Second, the certification page for the record for this appeal states that a "Motion To Vacate, Set Aside Or Correct The Judgment Or Sentence" was filed on June 21, 2001. Third, movant's initial *pro se* Rule 24.035 motion was date stamped "June 21, 2001" by the circuit clerk's office.

Therefore, because movant did timely file his Rule 24.035 motion, the motion court erred in dismissing the motion as untimely filed. The judgment of the motion court dismissing movant's Rule 24.035 motion is reversed and remanded for further proceedings on movant's June 21, 2001, *pro se* Rule 24.035 motion.

ROBERT G. DOWD, JR., J. and MARY R. RUSSELL, J., concur.

---

**3.** Violation of an order of protection is in violation of section 455.010, a class A misdemeanor. Movant was sentenced to one year imprisonment (time served) for this conviction, and it is not part of this appeal.