**STATE of Missouri, Respondent,**

v.

**Robert L. CONNOR, Appellant.**

**No. WD 63089.**

Missouri Court of Appeals,
Western District.

Aug. 17, 2004.

Susan L. Hogan, Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charnette D. Douglass, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

Before ULRICH, P.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Chief Judge.

Robert L. Connor appeals from the circuit court's order dismissing his *pro se* Rule 24.035 [1] motion for post-conviction relief as being untimely. The appellant pled guilty in the Circuit Court of Cass County, Missouri, to one count of robbery in the first degree, § 569.020,[2] and one count of armed criminal action (ACA), § 571.015. As a result of his convictions, he was sentenced to concurrent terms of ten years and three years in the Missouri Department of Corrections, respectively.

In his sole point on appeal, the appellant claims that the motion court erred in dismissing his Rule 24.035 motion as being untimely because the court was clearly mistaken in finding and concluding that his motion was not filed within ninety days of the date he was delivered to the custody of the department of corrections, as required by Rule 24.035(b).

We reverse and remand.

### Facts

On March 15, 1999, the appellant was charged in the Circuit Court of Cass County, by way of information, with one count of robbery in the first degree, § 569.020, and one count of ACA, § 571.015. On January 28, 2002, he pled guilty to both counts. On May 31, 2002, he was sentenced to concurrent terms of ten years and three years in the Missouri Department of Corrections, respectively. However, he was not immediately delivered to the Department of Corrections. Instead, he was transferred to Jackson County, where robbery charges were pending against him. He was not delivered to the Department of Corrections until March 24, 2003.

On June 18, 2003, the appellant filed a *pro se* Rule 24.035 motion for post-conviction relief. On June 26, 2003, the motion court dismissed the motion, finding that it was "not timely filed."

This appeal followed.

### Standard of Review

"Appellate review of the [motion] court's action ... shall be limited to a determina-

---

1. All rule references are to the Missouri Rules of Criminal Procedure, 2004, unless otherwise indicated.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

tion of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). Thus, "[o]ur review of the dismissal of the Motion is limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." *Jameson v. State*, 125 S.W.3d 885, 888 (Mo.App.2004) (citing *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989)); *see also Broom v. State*, 111 S.W.3d 563, 565 (Mo.App.2003). Conclusions and findings are clearly erroneous if, and only if, we are left with a firm impression that a mistake has been made after reviewing the entire record. *Hubbard v. State*, 31 S.W.3d 25, 33 (Mo.App. 2000).

## I.

■ In his sole point on appeal, the appellant claims that the motion court erred in dismissing his *pro se* Rule 24.035 motion as being untimely because the court was clearly mistaken in finding and concluding that his motion was not filed within ninety days of the date he was delivered to the custody of the department of corrections, as required by Rule 24.035(b). The State concedes that the motion court erred in dismissing the appellant's motion as untimely and acquiesces in our remanding for further proceedings.

■ Rule 24.035 authorizes "[a] person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections" to file a motion challenging their conviction or sentence on certain enumerated bases. Rule 24.035(a). The Rule provides strict time limits for bringing such a challenge, and failure to meet the prescribed limits deprives the court of jurisdiction to consider the motion.

*Leftridge v. State*, 29 S.W.3d 839, 840 (Mo. App.2000). The movant bears the burden of pleading and proving the timeliness of their motion. *Broom v. State*, 111 S.W.3d 563, 566 (Mo.App.2003); *Griham v. State*, 3 S.W.3d 388, 389–90 (Mo.App.1999).

At the time of the appellant's conviction and sentence, Rule 24.035(b) provided, in pertinent part, that: "If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections." Missouri Rules of Criminal Procedure, 2002.[3] Thus, when the appellant filed his motion, he had the burden of pleading and proving that he had been delivered to the custody of the department of corrections within the last ninety days.

The record reveals and the State concedes that the appellant was delivered to the custody of the Department of Corrections on March 24, 2003, and that he filed his *pro se* Rule 24.035 motion on June 18, 2003, just eighty-six days later. The record also reveals that this information was pled in the appellant's motion. Nonetheless, the motion was dismissed as being untimely.

The motion court's dismissal of the appellant's motion as untimely leaves this court with a firm impression that a mistake has been made. There is no question that the appellant's motion was timely, and that the appellant met his burden of pleading that fact in his motion, which was not refuted by the record. Hence, the motion court's finding on which it dismissed the appellant's motion was clearly erroneous, requiring us to reverse.

**3.** Rule 24.035(b) was amended, effective January 1, 2003, to provide a 180 day time period in which to file a Rule 24.035 motion, absent an appeal. However, because the record clearly reveals that the appellant filed his motion within ninety days of the date he was delivered to the department of corrections, we need not decide whether the appellant is entitled to the benefit of the 2003 amendment.

### Conclusion

The order of the motion court dismissing the appellant's Rule 24.035 motion as being untimely is reversed and the cause is remanded for appointment of counsel and further proceedings in accordance with Rule 24.035.

ULRICH, P.J., and LOWENSTEIN, J., concur.