**Gregory PEEPLES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 96864.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 14, 2012.

Brocca Smith, Assistant Public Defender, Office of the Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Chief Judge.

### Introduction

Gregory Peeples, Sr. (Peeples) appeals from the motion court's denial without an evidentiary hearing of his motion for post-conviction relief. In his motion, Peeples argued that his trial counsel was ineffective in failing to request that the trial court invoke the witness exclusionary rule, and in preventing Peeples from offering specific testimony. The motion court held that Peeples was not prejudiced by his trial counsel's failure to invoke the witness exclusionary rule, and that his trial counsel's decision to advise Peeples to refrain from offering specific testimony during his direct examination was a valid exercise of trial strategy. Because Peeples's motion for post-conviction relief was not timely filed, we dismiss Peeples's appeal with directions to the motion court to vacate its judgment and dismiss Peeples's Rule 29.15 motion as to the convictions we previously affirmed on appeal. Because the record on appeal does not contain sufficient evidence for us to determine whether Peeples's previously remanded convictions for first-degree statutory rape and first-degree child molestation were within the scope of Peeples's original motion, we remand Peeples's motion to the motion court as to those convictions for further proceedings consistent with this opinion

### Factual and Procedural History

From 2002 through 2006, Peeples was involved in a romantic relationship with B.B. B.B. was the mother of three children, A.B., G.B., and R.B. Peeples was not the children's father. In February 2006, A.B. informed her eighth grade math teacher that Peeples had sexually abused her, and requested help. The teacher notified the school's social worker, and called a child abuse hotline. A.B. and G.B. were taken to St. Louis Children's Hospital where a physical examination indicated that both girls had likely been abused.

The State charged Peeples with twenty-seven counts, including statutory sodomy in the first and second degree, child molestation in the first and second degree, attempted statutory rape in the first and second degree, and attempted victim tampering. A.B. and G.B. testified at trial that Peeples forced them to participate in various sexual acts. A jury convicted Peeples on 24 counts, but acquitted him on one count of statutory rape in the first degree,

and two counts of statutory rape in the second degree.

On direct appeal, we affirmed the trial court's judgment convicting Peeples on the majority of the counts. However, we vacated the trial court's judgment as to one count of statutory sodomy, and remanded with instructions to enter a conviction of first-degree child molestation. We also affirmed the sentences imposed by the trial court, with the exception of the sentence imposed as to one count of statutory rape, which we remanded with instructions for resentencing.

Peeples subsequently filed his *pro se* motion for post-conviction relief under Rule 29.15,[1] arguing that his trial counsel was ineffective. The motion court denied Peeples's motion without an evidentiary hearing. Peeples now appeals the motion court's judgment denying his amended motion to vacate the trial court's judgment and sentence.

## Point on Appeal

In his sole point on appeal, Peeples argues that his trial counsel was ineffective in failing to object to the presence of witnesses in the courtroom during the examination of other witnesses. Peeples contends that effective counsel would have requested that the trial court invoke the witness exclusionary rule.

## Standard of Review

When reviewing a judgment entered on a Rule 29.15 motion for post-conviction relief, we determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made"

after reviewing the entire record. *Vaca v. State,* 314 S.W.3d 331, 334 (Mo. banc 2010).

## Discussion

As a threshold matter, we must determine whether Peeples's motion for post-conviction relief was timely filed. After reviewing Peeples's *pro se* motion for post-conviction relief, counsel's amended motion, and the docket sheet from the motion court, we find that the motion was untimely filed.

Rule 29.15 sets strict time requirements for filing a motion for post-conviction relief. Rule 29.15(b). The time requirements for motions for post-conviction relief are reasonable, valid, and mandatory. *Manuel v. State,* 351 S.W.3d 240, 241 (Mo. App. E.D.2011). Rule 29.15(b) states that the movant must file a motion for post-conviction relief within 90 days from a mandate from the Court of Appeals affirming the conviction.

On August 14, 2009, we affirmed the judgment of the trial court as to the majority of the counts of which a jury convicted Peeples. *State v. Peeples,* 288 S.W.3d 767, 769 (Mo.App. E.D.2009). We reversed the sentence ordered by the trial court as to the first degree statutory rape charge, and remanded for re-sentencing. *Id.* at 776. We also reversed the trial court's judgment convicting Peeples of first degree statutory sodomy, and remanded with instructions to enter judgment convicting Peeples of first degree child molestation, and sentence accordingly. *Id.* at 771–72.

Rule 29.15 required that Peeples file a motion for post-conviction relief within 90 days of this Court's mandate affirming his conviction. Rule 29.15(b). A post-conviction motion is considered filed on the date it is delivered to the circuit court

1. All rule references are to Mo. R.Crim. P.2010 unless otherwise indicated.

352

clerk. *Broom v. State,* 111 S.W.3d 563, 566 (Mo.App. W.D.2003). The movant has the burden of proving the timeliness of the motion. *Griham v. State,* 3 S.W.3d 388, 390 (Mo.App. E.D.1999). Movant's failure to plead and prove a timely motion constitutes a waiver of any rights under Rule 29.15. *Id.*

The record before us demonstrates that Peeples did not file his *pro se* motion for post-conviction relief until April 5, 2010, well after the filing deadline of November 12, 2009. We reach this conclusion after reviewing both the record, and Peeples's appellate brief. In his Jurisdictional Statement, Peeples asserts that "Mr. Peeples filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 on April 5, 2010." Both the docket sheet and the file stamp from the circuit court where the motion was filed also show that the motion was filed on April 5, 2010. Given Peeples's own admission, as well as the record before us, we find that Peeples has failed to carry the burden of proving that his motion for post-conviction relief was timely filed as to the convictions we affirmed on direct appeal.

■ We must also consider whether the convictions we remanded are barred under Rule 29.15. Peeples's appellate brief indicates that the trial court re-sentenced Peeples on July 1, 2011 on the first-degree statutory rape conviction. If Peeples's assertion as to the date upon which he was re-sentenced is correct, that conviction would not have resulted in a final judgment subject to a Rule 29.15 motion at the time of the proceedings before the motion court. *See* Section 547.070; *State v. Moore,* 352 S.W.3d 392, 398 (Mo.App. E.D. 2011). However, the record on appeal does not contain sufficient evidence for us to determine the date Peeples was resentenced. Accordingly, we are unable to determine whether Peeples's conviction for first-degree statutory rape was within the scope of his original motion, is now time barred under Rule 29.15(b), or may still be brought as timely. We therefore remand this matter to the motion court for such a finding.

The record on appeal also fails to contain sufficient detail which allows us to determine whether the first degree statutory sodomy conviction that was reversed and remanded with instructions to enter a new conviction of child molestation was before the motion court. As the State correctly notes, the record does not indicate whether this conviction has been entered and, if so, when it was entered. Peeples was required to bring any motion for post-conviction relief within 180 days of the date on which the new judgment was entered. Rule 29.15(b). However, because the record does not reveal whether the new conviction was a final judgment at the time of Peeples's motion for post-conviction relief, we are unable to determine whether the conviction was included within the untimely filed motion before this Court, is separately barred as untimely under Rule 29.15, or may still be timely filed. Accordingly, we remand this matter to the motion court for such a finding.

*Conclusion*

We dismiss Peeples's appeal with directions to the motion court to vacate its judgment and dismiss Peeples's Rule 29.15 motion as to the convictions we previously affirmed on appeal. We remand for further proceedings consistent with this opinion Peeples's motion as to the convictions of statutory rape and child molestation that we previously remanded to the trial court on direct appeal.

PATRICIA L. COHEN, and ROBERT M. CLAYTON III, J., concur.